

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2008

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jones" (2008). *2008 Decisions.* Paper 1727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5058

_____

UNITED STATES OF AMERICA

v.

ANTHONY JONES

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00001-2E)
District Judge: Hon. Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2007

Before: RENDELL and NYGAARD, <u>Circuit Judges</u>,
and VANASKIE<sup>*</sup>, <u>District Judge</u>

(Filed: January 17, 2008)

_____

OPINION

_____

VANASKIE, <u>District Judge</u>.

_____

<sup>*</sup>Honorable Thomas I. Vanaskie, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

Anthony Jones ("Jones") appeals from his sentence of 292 months imprisonment imposed by the District Court following Jones's plea of guilty to conspiracy to possess with the intent to distribute and distribution of cocaine base and cocaine. Jones pled guilty pursuant to a written plea agreement in which he waived his right to appeal the sentence. Jones argues that the waiver is invalid, that its enforcement will result in a miscarriage of justice, and, therefore, that this Court should disregard the waiver and review the merits of his appeal. We disagree, and hold the waiver valid and enforceable, thus precluding consideration of the substantive issues presented by Jones's appeal. Consequently, we affirm the District Court's judgment.

**I**

On January 10, 2006, a grand jury in the Western District of Pennsylvania indicted Jones and eight others on conspiracy and drug distribution charges. Jones and the Government subsequently negotiated and executed a written plea agreement in which Jones agreed to plead guilty to the conspiracy charge. Of import to this appeal is Paragraph A(8) of the agreement, which states that Jones "waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742." (App. 17.) The waiver was subject to two exceptions:

(a)     If the United States appeals from the sentence . . . .

(b)     If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing

2

Guidelines. . . .

(Id. at 17-18.)  The agreement clarified that the "foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified."  (Id. at 18.)  Both Jones and his attorney signed the agreement.

Jones pled guilty on July 25, 2006.  The District Court conducted an extensive colloquy of Jones to ascertain his understanding of the terms of the plea agreement, including the waiver of appeal rights.  The District Court directed Jones's attorney and the Assistant United States Attorney ("AUSA") to explain to Jones the consequences of the appeal waiver and its narrow exceptions.  The District Court then asked Jones whether he understood and agreed with the explanation, to which Jones – under oath subject to penalty of perjury – responded affirmatively.

On December 5, 2006, the District Court conducted an evidentiary hearing to resolve the Government's objection to the recommendation in the Presentence Investigation Report that Jones receive only a two-level enhancement in his offense level due to his leadership role in the drug trafficking conspiracy.  At the conclusion of the evidentiary presentation, Jones objected to any enhancement in his offense level for his role in the jointly-undertaken criminal activity.  Finding that the testimony showed Jones to be the "central cog in this conspiracy," (App. 108), the District Court sustained the Government's objection and overruled the defense objection.  The resultant four-level enhancement for role in the offense under U.S.S.G. § 3B1.1(a) produced a net offense

3

level of 35.  Combined with a criminal history category of VI, Jones's offense level resulted in an advisory guideline range of 292 to 365 months imprisonment.  After hearing from Jones, his attorney, and the AUSA, the District Court imposed a prison term at the bottom of the advisory guideline range, 292 months.  Despite the appeal waiver, this timely appeal followed.

## II

### A.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  This Court retains jurisdiction over an appeal even though the defendant has executed a plea agreement containing an appeal waiver.  United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).  If, however, we find that the defendant knowingly and voluntarily waived his right to appeal, and that the enforcement of the waiver will not work a miscarriage of justice, we refrain from exercising our jurisdiction.  Id.  Our review of appeal waivers is de novo.  United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001).

### B.

In Khattak, this Court held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."  Id. at 563.  The defendant shoulders the burden of demonstrating why the waiver should not be enforced.  Id.

"In determining whether a waiver of appeal is 'knowing and voluntary,' the role of the sentencing judge is critical." Id.  Thus, we examine the guilty plea colloquy conducted by the District Court for its compliance with Fed. R. Crim. P. 11.  Before accepting a defendant's guilty plea, the District Court must address the defendant in open court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(n).

Here, the District Court clearly complied with this rule.  At Jones's change of plea hearing, the District Court asked Jones whether he read the plea agreement, discussed it with his attorney, agreed with and understood its terms and conditions, and signed the plea agreement.  Jones answered "yes" to each question.  The court paid particular attention to the appeal waiver, directing Jones's attorney and the AUSA to explain the consequences of the waiver and confirming Jones's understanding and agreement with their explanation.

Jones does not challenge the District Court's compliance with Fed. R. Crim. P. 11(b)(1)(n).  Instead, Jones argues that the waiver is invalid because he did not know at the time he agreed to waive his appeal rights that the District Court would "engage in unconstitutional sentencing practices." (Appellant's Reply Br. at 4.)  This contention is baseless.  The District Court had no obligation to advise Jones of hypothetical sentences in order to assure a knowing and voluntary waiver of appeal rights.  The District Court

5

did, however, explain to Jones that his sentence could be more or less severe than that anticipated by Jones or provided for by the guidelines, and that in such case Jones would be bound by his guilty plea and likely unable to appeal the sentence. Jones represented that he understood this explanation. Accordingly, we hold that Jones knowingly and voluntarily waived his right to appeal.

Jones also contends that enforcement of the waiver will work a miscarriage of justice. In Khattak, this Court recognized that "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." Khattak, 273 F.3d at 562 (emphasis added). We declined to delineate specific situations where an appeal waiver may be unenforceable, but rather adopted the approach of United States v. Teeter, 257 F.3d 14 (1st Cir. 2001), which considers several factors before relieving a defendant of his waiver: the clarity, gravity, and character of the error; the error's impact on the parties; and the extent of the defendant's acquiescence in the result. Id. at 563 (quoting Teeter, 257 F.3d at 25-26); see also United States v. Shedrick, 493 F.3d 292, 298 n.6 (3d Cir. 2007).

In this matter, Jones fails to identify, and our review of the record does not reveal, any error committed by the District Court that, if left unchecked, would work a miscarriage of justice. In this regard, Jones's claims of constitutional error are without merit. For instance, contrary to Jones's arguments, the standard of proof for factual findings relevant to the application of the advisory sentencing guidelines is

6

preponderance of the evidence, and the maximum sentence for purposes of the right to proof beyond a reasonable doubt in an advisory sentencing guidelines scheme is that prescribed by the United States Code. See United States v. Grier, 475 F.3d 556, 561, 565, 568 (3d Cir. 2007) (en banc). The District Court adhered to these constitutional requirements in imposing its sentence in this case. Furthermore, we observe that the District Court, after considering the arguments of the parties and the relevant factors set forth in 18 U.S.C. § 3553(a), sentenced Jones to a prison term of 292 months, the bottom of his advisory guideline range. Thus, we discern no injustice that would warrant relieving Jones of his waiver of the right to appeal. Consequently, we will enforce the waiver, decline to review the substantive issues presented by Jones's appeal, and affirm the District Court.

III

For the reasons stated, we affirm the sentence imposed by the District Court.

7