**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1174
_____

UNITED STATES OF AMERICA

v.

ANTHONY JONES,
                    Appellant

_____

On Appeal from the United States District Court
for Western District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00001-002)
District Judge:  Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Anthony Jones appeals from an order of the United States District Court for the Western District of Pennsylvania denying his motion filed under 18 U.S.C. § 3582(c)(2). For the reasons discussed below, we will affirm.

On December 6, 2006, upon Jones' guilty plea to conspiracy to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, the District Court sentenced him to 292 months' imprisonment. Because Jones' conviction involved more than one controlled substance, the probation officer completing his presentence report relied on the 2005 version of the Drug Equivalency Table, under which the combined weight of cocaine and cocaine base found at Jones' residence – 978.8 grams of cocaine and 240.2 grams of cocaine base – converted to 4,999.79 kilograms of marijuana, generating a base offense level of 34. Jones did not object to this calculation. We affirmed Jones' sentence. United States v. Jones, 261 F. App'x 412 (3d Cir. 2008).

On September 4, 2009, Jones filed a § 3582(c)(2) motion, seeking a sentence reduction based on the United States Sentencing Commission's amendment of the Drug Quantity Table in 2007 – Amendment 706 – which reduced the base offense levels applied to crack cocaine offenses by two. The District Court granted this motion on September 9, 2009, and reduced Jones' sentence to 235 months' imprisonment. Jones filed another § 3582(c)(2) motion on December 12, 2011, seeking reduction on the basis of Amendment 750, which, among other things, retroactively altered the drug quantity

2

table for crack cocaine offenses.[1]  The District Court denied this motion, concluding that Amendment 750 "does not have the effect of further lowering the Guideline sentencing range that the Court utilized in reducing the Defendant's sentence on September 9, 2009."  On July 30, 2015, Jones filed another § 3582(c)(2) motion, seeking reduction of his sentence on the basis of Amendment 782, which reduced base offense levels in drug cases by two.  The District Court granted this motion and reduced Jones' sentence to 188 months' imprisonment.

Most recently, on January 7, 2016, Jones filed the § 3582(c)(2) motion at issue in this appeal – arguing that his Guideline range should have been computed (1) by the grouping guidelines at § 3D1.2, rather than by the Drug Equivalency Table, which he contends would render him eligible for a sentence reduction under Amendment 750, and (2) under § 5G1.2(b), which is concerned with the imposition of sentence upon multiple counts of conviction.  The District Court denied this motion, observing that "defendant's sentence was reduced to 188 months, which is the maximum reduction currently permitted by law.  Accordingly, this court lacks the statutory authority to further reduce defendant's sentence."  This timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291.  Although we ordinarily review the District Court's denial of a § 3582(c)(2) motion for abuse of discretion, where, as here, a

---

[1] Amendment 750 reduced the equivalency factor for one gram of cocaine base from twenty kilograms of marijuana to 3.571 kilograms of marijuana.  U.S.S.G. § 2D1.1.  It did not change the equivalency factor for cocaine, which remains 200 grams of marijuana to one gram of cocaine.  Id.

"case raises a purely legal question concerning the interpretation and legal status of § 3582(c)(2) and the related policy statement by the Sentencing Commission . . . our review is plenary." United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012) (exercising plenary review over District Court determination regarding applicability of Amendment 750).

Under 18 U.S.C. § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." But if the revised offense guidelines do not have the "effect of lowering the defendant's applicable guideline range," a sentencing reduction is not warranted. U.S.S.G. § 1B1.10(a)(2)(B). Jones, who pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base, relies on two separate guidelines provisions, § 3D1.2 and § 5G1.2. He argues that "had the PSR used the grouping instead of the drug equivalency table to produce an offense level the defendant would not have been prejudiced by two levels . . . and would also qualify for the Amendment 750 reduction." But the grouping guidelines at § 3D1.2 apply only when a defendant is convicted upon more than one count. See United States v. Bush, 56 F.3d 536, 538 (3d Cir. 1995). The same is true of § 5G1.2. See United States v. Ward, 626 F.3d 179, 184 (3d Cir. 2010). Because Jones was convicted of one count only, neither provision applies. Accordingly we will affirm the order of the District Court.

4