NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3039
_____

UNITED STATES OF AMERICA

v.

JAMES BUTLER,
                    Appellant


_____


On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:06-CR-162-01)
District Judge:  Honorable Thomas I. Vanaskie
_____


Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011
_____


Before: SLOVITER, GREENAWAY, JR., <u>Circuit Judges</u>, and POLLAK, <u>District Judge</u>[*]

(Opinion filed: May 11, 2011)
_____

OPINION
_____


POLLAK, <u>District Judge</u>

    On November 20, 2009, James Butler filed a motion under 18 U.S.C.

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

§ 3582(c)(2), seeking a sentence reduction as a result of the retroactive amendment to the guidelines (Amendment 706[1]), which, in certain circumstances, reduces sentences by two levels for offenses involving crack cocaine. The District Court denied the motion on the grounds that the court had already considered the two-level reduction in imposing the original sentence and, under the circumstances of the case, 168 months was the appropriate sentence.

This appeal by James Butler from his conviction and sentence is before us on a brief filed by Butler's counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel has stated that there is no non-frivolous challenge to the plea agreement and/or sentence, and thus there was no matter that was arguably appealable. In response, Butler filed a *pro se* brief, claiming: (1) he was improperly labeled a "career offender"; and (2) as a result, he is eligible for a retroactive sentence reduction under Amendment 706.

Upon review of the record and all briefs filed in this case, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

## I

On April 26, 2006, James Butler and Cachandra Mathis were charged in a six-count indictment. Specifically, Butler was charged with one count of conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, and three

---

[1] "In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c). Generally, Amendment 706 reduced the base offense levels for crack cocaine offenses under § 2D1.1(c) by two levels. The Sentencing Commission later declared Amendment 706 to be retroactive." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009) (citations omitted).

counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On February 2, 2007, pursuant to a plea agreement wherein the government agreed to move for dismissal of any remaining counts in the indictment after sentencing, Butler entered a guilty plea to Count 4 charging that he knowingly, intentionally and unlawfully possessed with intent to distribute, and did distribute, cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C).

In the presentence report (PSR), the probation office calculated a total offense level of 29, which represented a base offense level of 32 less 3 points for acceptance of responsibility. The base offense level was as result of Butler's qualification as a career offender within the meaning of U.S.S.G. § 4B1.1. Butler was also assigned a criminal history level of VI. The resulting applicable sentencing guideline range was 151 to 188 months.

At the sentencing on August 9, 2007, Butler conceded that he was a career offender, but denied distributing more than one gram of cocaine base. Because the district court must consider the nature and circumstances of the offense, the government presented witnesses to show that Butler was involved with the distribution of substantial quantities of cocaine base (crack) to establish the PSR's conclusion that between 50 and 150 grams of crack were involved in the offense. Butler further denied many of the allegations made by the witnesses against him. The District Court concluded that Butler's testimony was not credible and that, because he had not actually accepted responsibility for the offense, he was not entitled to the credit given in the PSR for acceptance of responsibility.

3

The District Court recalculated the final offense level to be 32 which, combined with the Category VI criminal history, resulted in a guidelines imprisonment range of 210 to 262 months. However, the court found that the career offender designation over-represented the significance of Butler's criminal past and, instead, assigned him a Category IV criminal history, lowering the sentencing range to 168 to 210 months. Further, after considering the impending amendment to crack cocaine sentencing guidelines and assuming that an offense level of 30 would lower the guideline range to 135 to 168 months, the court imposed a sentence of 168 months' imprisonment.

Butler did not immediately appeal his sentence but, more than two years later on November 10, 2009, moved for a reduction in his sentence under 18 U.S.C. § 3582(c). Butler asserted that he was eligible for a sentence reduction as a consequence of the amendments to the sentencing guidelines pertaining to crack cocaine. The District Court denied Butler's motion, stating first that Butler was not eligible for a sentence reduction because Amendment 706 did not have the effect of lowering his guidelines range, since the guidelines range was based on his career offender status, and secondly that the court would exercise its discretion to re-impose the 168-month sentence because it had already considered the impending crack cocaine reduction when imposing the original sentence and, under the circumstances of the case, 168 months was the appropriate sentence. Butler filed his notice of appeal on July 8, 2010.[2] Defendant's counsel now requests permission to withdraw on the grounds that defendant's appeal is wholly frivolous.

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

4

**II**

**A**

When appointed counsel seeks to withdraw, we must consider: (1) whether counsel adequately fulfilled the *Anders* requirements, and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). To meet the first prong, counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In addition to the motion to withdraw, counsel must submit a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. While counsel need not raise and reject every possible claim, counsel must conduct a "conscientious examination." *Youla*, 241 F.3d at 300. An appeal is frivolous if "the appeal lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 438 n.10 (1988); *Youla*, 241 F.3d at 300-01.

Counsel represents that he has conducted a "careful review of the record and applicable law" and could not "identify any issue of even arguable merit that could be raised on Appellant's behalf in this Court to challenge the District Court's denial of his sentence reduction motion." We agree with counsel's conclusion that there are no meritorious issues for appeal under § 3582(c)(2).

**B**

At sentencing, the district court must: (1) calculate the advisory guidelines range; (2) rule on all motions made pursuant to the guidelines for a departure from that range;

5

and (3) reach a final sentence by considering the guidelines along with other sentencing factors enumerated in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). "We review a district court's legal conclusions regarding the Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009) (internal citations omitted).

In light of the *Anders* brief, the contested issues before us are those raised by Butler in his pro se brief. Butler argues first that he was improperly categorized as a "career offender" because there is no basis to conclude that his conviction for simple assault involved intent, meaning it would not be considered a crime of violence and the career offender designation would not attach. However, because Butler failed to challenge his status as a career offender at the district court level, he cannot raise that issue on appeal. And, even if Butler had raised the issue at the district court level, *United States v. Mateo* informs us that the district court has "no authority to reconsider its prior determination to apply the career offender guidelines applied" to Butler. 560 F.3d 152, 156 (3d Cir. 2009).[3]

Next, Butler argues that he should have been eligible for a retroactive sentence

---

[3] However, counsel argues that if Butler were sentenced today, he would not be designated a career offender because one of his two predicate felonies would not qualify. *See United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009) (holding that Johnson's simple assault calculation did not constitute a "crime of violence" for purposes of the career offender enhancement). Counsel's argument is not properly presented in a § 3582(c)(2) motion, but may be appropriate as part of a motion under 28 U.S.C. § 2255(a). Our decision today is without prejudice to Butler's right to file a petition for a writ of habeas corpus premised on *Johnson*.

reduction under Amendment 706, which allegedly would have reduced his base level to 28 or 26 and his sentencing range to either 110-137 or 92-115 months. As a result, Butler requests that this court grant him relief under 18 U.S.C. § 3582.

Section 3582(c) authorizes district courts to grant a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). While a subsequent policy statement, U.S.S.G. § 1B1.10(a)(1), indicated that if "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C § 3582(c)(2)," sentence reductions are prohibited where the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In this case, as in *Mateo*, Amendment 706 did not have the effect of lowering Butler's applicable guideline range because it would only change the base offense level, not Butler's actual sentencing range, due to Butler's career offender status. 560 F.3d 152. Thus, the District Court had no authority under 18 U.S.C. § 3582(c)(2) to modify Butler's prison sentence.

### III

"Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief

itself.'" *Youla*, 241 F.3d at 301. "A complete scouring of the record by the courts" is unnecessary. *Id.* Here, we accept the *Anders* brief filed by counsel in this case because counsel properly submitted a brief referring to all claims that might arguably support Butler's claims under § 3582(c)(2) and conducted a sufficient examination to determine that the appeal is frivolous. Thus, counsel's motion for leave to withdraw will be granted.