**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4537

_____

UNITED STATES OF AMERICA

v.

JAMES BUTLER,
                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00162-001)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2013
Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: June 26, 2013)

_____

OPINION

_____

PER CURIAM

        James Butler, a federal prisoner proceeding pro se, appeals from the order of the

United States District Court for the Middle District of Pennsylvania denying his motion

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

I.

In 2007, James Butler pleaded guilty to knowingly, intentionally, and unlawfully possessing with the intent to distribute, and distributing, cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Because he had prior felony drug and violent crime convictions, he qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. As a career offender, he had a criminal history of VI, which was later reduced to category IV, because the career criminal provision overstated the seriousness of his prior offenses. His base offense level of 32 and criminal history category of IV produced a Guidelines range of 168-210 months' of imprisonment. The Court also took into account the impending amendment to the crack cocaine Guidelines, which reduced the base offense level to 30, and adjusted the Guidelines range to 135-168 months. As a result, Butler was sentenced to 168 months of imprisonment. He did not appeal his sentence.

In 2009, Butler moved for a reduction in his sentence under 18 U.S.C. § 3582(c), claiming that he was eligible for a sentence reduction in accordance with Amendment 706 of the Sentencing Guidelines. The District Court denied his motion, because his sentence was governed by his career offender status and consequently was not impacted by the amendments to the crack cocaine Guidelines. We affirmed. United States v. Butler, 427 F. App'x 159 (3d Cir. 2011).

In August 2012, Butler moved again for a reduction in his sentence. This time he based his request on Amendment 750 of the Sentencing Guidelines, which "reduced the crack-related offense levels in § 2D1.1," and was subsequently made retroactive by

Amendment 759. United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). The District Court again denied his motion, on the basis of our decision in United States v. Ware, 694 F.3d 527 (3d Cir. 2012). Butler appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's interpretation of the Sentencing Guidelines is de novo. United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009) (overruled on other grounds). We review the District Court's ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

III.

A defendant's sentence may be reduced under § 3582 if the term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). Under § 3582(c)(2), a sentence may be reduced only if the amendment "ha [s] the effect of lowering the sentencing range actually used at sentencing." Mateo, 560 F.3d at 155 (internal quotation marks omitted); see also U.S.S.G. § 1B1.10(a)(2)(B). Amendment 750 did not affect the career offender Guidelines under which Butler was sentenced. Ware, 694 F.3d at 532.

Furthermore, in Ware, we held that a defendant who received a variance from the career offender Guidelines range was ineligible for relief under § 3582(c)(2). Id. at 534-35. A defendant's "applicable guideline range" is calculated "before consideration of any

3

departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. 1(A). Therefore, a defendant who has received a variance from the career offender Guidelines may not receive a reduction under § 3582(c)(2). Ware, 694 F.3d at 531-32.

On appeal, Butler insists that he was not sentenced as a career offender, and therefore is eligible for a sentence adjustment under Amendment 750. He is incorrect. Despite the multiple downward variances, including the reduction in Butler's criminal history category, it is without question that Butler was considered a career offender, and his sentence was calculated with that designation in mind. Butler conceded that he was a career offender during his sentencing hearing in 2007. See Sent. Tr. 3:8-15 (found in 06-cr-00162, ECF No. 101); see also U.S.S.G. § 4B1.1(a). Moreover, the Sentencing Judge's repeated references to the career offender Guidelines indicate the sentence was imposed under U.S.S.G. § 4B1.1. See Sent. Tr. 5:1-3; 6:17-19; 13:14-17; 15:15-18; 16:10-11 (found in Gov't App'x). Therefore, we agree with the District Court that Butler was sentenced pursuant to the career offender Guidelines, and consequently is not eligible for a sentence reduction based on Amendment 750.

Accordingly, as a career offender that received the benefit of a downward variance, Butler is not eligible for a reduction of his sentence pursuant to Amendment 750. We conclude that the District Court did not err in denying his § 3582(c)(2) motion.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.