**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 12-1330
———

UNITED STATES OF AMERICA,
Appellant

v.

ANDRE WARE
———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-08-cr-00625-001)
District Court Judge: Honorable Jan E. DuBois
———

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2012

Before:  SMITH, CHAGARES and GARTH, *Circuit Judges*.

No. 12-1671
_____

UNITED STATES OF AMERICA,

v.

ALLEN STRATTON
a/k/a
NECK BONE


ALLEN STRATTON,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-99-cr-00326-001)
District Court Judge: Honorable William H. Yohn, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2012

Before:  SMITH, CHAGARES, and GARTH, *Circuit Judges*.

(Opinion Filed: September 21, 2012)

Zane David Memeger, Esq.
Robert A. Zauzmer, Esq
Bernadette McKeon, Esq.
Richard A. Lloret, Esq.
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 191906
(215) 861-8326
　　　*Counsel for Appellant, 12-1330 / Appellee, 12-1671*

Sarah S. Gannett, Esq.
Brett G. Sweitzer, Esq.
Leigh M. Skipper, Esq.
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540 West – Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-1100
　　　*Counsel for Appellant, 12-1671/ Appellee, 12-1330*

―――――

OPINION OF THE COURT

―――――

GARTH, *Circuit Judge*.

　　　In these two appeals, we are called upon to resolve the alleged tension between the sentencing *statutes* and the Sentencing *Guidelines*. Andre Ware and Allen Stratton, both serving sentences for various offenses involving crack cocaine, each moved in their respective cases for reductions

3

in their sentences following a retroactive amendment to the Federal Sentencing Guidelines applicable to crack cocaine offenses.[1]

District Court Judge Dubois, presiding over Ware's case, granted his motion and reduced his sentence from 128 months to 84 months. District Court Judge Yohn, presiding over Stratton's case, denied his motion to reduce his sentence from 188 months. The government appealed in Ware's case. Stratton appealed from his sentence in his case.

Both cases present the same issue: whether the Sentencing Guidelines amendments at issue apply to defendants who, like Ware and Stratton, were originally sentenced on the basis of variances (Ware) or departures (Stratton) from a guideline range not affected by the amendments. We hold that the Sentencing Guidelines amendments do not. Thus, we will reverse the District Court in Ware's case and affirm the District Court in Stratton's case.

I

In August 2009, Andre Ware was convicted of several drug offenses involving crack cocaine. His initial offense

---

[1] Both Ware and Stratton were street-level drug dealers. Ware's conviction included counts of conspiracy to possess crack cocaine with intent to distribute and possession of crack with intent to distribute within 1,000 feet of a school. Ware was found to be responsible for 1.17 grams of crack. Stratton was convicted on counts including distribution of crack cocaine within 1,000 feet of a school and possession with intent to distribute within 1,000 feet of a school. He was found responsible for 5.9 grams of crack.

level under the Sentencing Guidelines was 18, and his criminal history category was VI. Because Ware qualified as a career offender, his offense level was adjusted to 34, and his criminal history category remained VI. Under that level and category, the guideline range for Ware's sentence was 262 months to 327 months' imprisonment. At sentencing, the District Court indicated that it felt that this range was too high and granted a *downward variance*, sentencing him to 128 months' imprisonment.

In 2010, the Sentencing Commission promulgated an amendment to the Sentencing Guidelines that, effective November 1, 2011, reduced the base offense levels for crack cocaine offenses by increasing the weight of drugs associated with each offense level. U.S.S.G., App. C, amd. 750. Simultaneously, the Commission also promulgated a further amendment, Amendment 759, also effective November 1, 2011, adding the relevant portions of Amendment 750 to the list of amendments that may trigger a retroactive sentence reduction. In the course of making these amendments, the Commission also modified the Commentary to its policy statement governing the retroactive application of Guidelines amendments. The amended Commentary specifies:

> . . . Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). . . .

5

U.S.S.G. §1B1.10 cmt. 1(A).

In 2011, Ware moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).[2] Ware argued before the District Court that he was eligible for a sentence reduction notwithstanding the fact that under the amended Guidelines Commentary his "applicable guidelines range" was determined by his *career offender status*, precluding him from qualifying for a reduction. Specifically, Ware contended that the Guidelines Commentary is invalid and therefore not binding because it directly conflicts with § 3582(c)(2). District Court Judge Dubois agreed, concluding that "[t]o the extent that U.S.S.G. § 1B1.10's Application Notes Commentary prohibits the Court from reducing [Ware]'s sentence, it is incompatible with 18 U.S.C. § 3582(c)(2) as interpreted by the Supreme Court [in Freeman v. United States, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011)] and is invalid." Judge Dubois further concluded that a reduction in Ware's sentence was consistent with the purposes of both Congress and the Sentencing Commission and reduced his sentence to 84 months. As noted, the government appealed.

II

In December 2000, Allen Stratton was convicted of several drug offenses involving crack cocaine. His initial offense level under the Sentencing Guidelines was 32, and his initial criminal history category was IV. Because Stratton qualified as a *career offender*, however, his criminal history category was adjusted to VI, and his adjusted offense level was 37. Under that level and category, the guideline range

---

[2] See text, *infra* Part III.

for Stratton's sentence was 360 months to life imprisonment. At sentencing, Judge Yohn indicated that he felt that this range was too high and granted a *downward departure* for over-representation of criminal history, thereby reducing Stratton's offense level to 34 and his criminal history category to V. Under this calculation, Stratton faced a guideline range of 235-293 months. Judge Yohn sentenced him to 240 months.

In 2008, following a 2007 amendment to the Sentencing Guidelines reducing the offense level for crack cocaine offenses, U.S.S.G., App. C, amd. 706, Stratton filed a motion under § 3582(c)(2) for a reduction in sentence, which was granted, reducing his term to 188 months.

In 2011, Stratton filed another motion for a reduction in his sentence in light of Amendment 750. As Ware did, Stratton argued that the Guidelines Commentary precluding his receiving a reduction is invalid because it directly conflicts with § 3582(c)(2). Judge Yohn disagreed and determined that Stratton was not eligible for a reduction in sentence under § 1B1.10. Stratton appealed.

### III

The District Court had jurisdiction over both cases under 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Ordinarily, we review a District Court determination on a motion for a § 3582(c)(2) reduction of sentence for abuse of discretion. Because this case raises a purely legal question concerning the interpretation and legal status of § 3582(c)(2) and the related policy statement by the Sentencing

7

Commission, however, our review is plenary. <u>United States v. Mateo</u>, 560 F.3d 152, 154 (3d Cir. 2009).

Before addressing the arguments before us, we briefly outline the relevant statutory and Guidelines sections.

Section 3582(c)(2), under which both Ware and Stratton sought sentence reductions, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment . . . *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." (Emphasis added.) The relevant Sentencing Commission policy statement, § 1B1.10(a)(1), in turn provides that, in general:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual [that is among those listed in § 1B1.10 (c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). *As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.*

(Emphasis added.)

Section 1B1.10(a)(2) contains the following exclusion to this general rule: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and

therefore is not authorized under 18 U.S.C. 3582(c)(2) *if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range.*" (Emphasis added.)

Of particular salience to this appeal, Commentary to § 1B1.10 further provides: ". . . Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range *(i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)*. . . ." Section 1B1.10 cmt. 1(A)(emphasis added.) The parenthetical explaining that "applicable guideline range" is to be calculated *prior* to any variance or departure was inserted into the Commentary as part of Amendment 759.

All parties to these appeals agree that although Amendment 750 is a retroactive amendment as specified in § 1B1.10 (c), the Commentary to § 1B1.10 precludes both Ware and Stratton from being eligible for sentence reductions under § 3582(c)(2). Under the Commentary, the "applicable guideline range" for both would be the guideline range reflecting their *career offender designations*, which were not affected by Amendment 750. Since the "applicable guideline range" was not lowered by Amendment 750, the Commentary makes clear that § 1B1.10 is inapplicable in these cases. The dispositive issue in these appeals, therefore, is whether the Commentary to § 1B1.10 is binding on the District Court.

IV

The Sentencing Commission is authorized, when it reduces the sentence for a given offense, to determine "in

9

what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). The Supreme Court has recognized that through this statutory delegation "Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." Braxton v. United States, 500 U.S. 344, 348, 111 S. Ct. 1854, 1858, 114 L. Ed. 2d 385 (1991)(emphasis in original). The Supreme Court has further recognized that as a result of this statutory delegation, "[a]mended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today." Stinson v. United States, 508 U.S. 36, 46, 113 S. Ct. 1913, 1919, 123 L. Ed. 2d 598 (1993). Under the aforementioned standard, "provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Id. at 508 U.S. 45, 113 S. Ct. 1919 (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S. Ct. 1215, 1217, 89 L.Ed. 1700 (1945)). Thus, the Sentencing Commission's authority to restrict the retroactive effect of an amendment is circumscribed by the principle that when "the Commission's revised commentary is at odds with [a statute's] plain language . . . it must give way." United States v. LaBonte, 520 U.S. 751, 757 (1997). Ware and Stratton contend that the Commentary in question conflicts with § 3582(c)(2) and must therefore "give way."

The plain language of § 3582(c)(2) authorizing the court to reduce the sentence of a defendant who was sentenced "based on a sentencing range that has subsequently

10

been lowered by the Sentencing Commission" provided such a reduction is also "consistent with applicable policy statements issued by the Sentencing Commission" precludes Ware and Stratton's argument. As we have recognized, "[t]he plain language of § 3582(c)(2) requires that a sentence reduction be 'consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). The plain language of the statute, therefore, specifically incorporates the Commission's policy statements . . . ." United States v. Doe, 564 F.3d 305, 310 (3d Cir. 2009).

In Doe, the defendants, who had been convicted of crack cocaine offenses and had been granted departures from their respective statutory mandatory minimum sentences for having assisted the government, contended that the District Court had improperly denied their § 3582(c)(2) motions for sentence reduction following a retroactive Guidelines amendment reducing the offense level for crack cocaine offenses. Doe claimed, *inter alia*, that the Guidelines policy statement precluding a reduction where an amendment "does not have the effect of lowering the defendant's applicable guideline range," § 1B1.10(a)(2)(B), improperly reinterpreted the term "based on" in § 3582(c)(2) and did not control because it conflicted with the broader terms and congressional intent of § 3582(c)(2). We rejected Doe's premise that the Guidelines statement improperly redefined the statutory term "based on." See United States v. Flemming, 617 F.3d 252, 260 n. 11 (3d Cir. 2010), as amended (Sept. 27, 2010). In so doing, we observed:

> Not only did Congress intend to incorporate the Commission's policy statements into § 3582(c)(2), but the policy statement and § 3582(c)(2) are complementary. The first prong

11

of § 3582(c)(2) requires that a defendant have been sentenced based on a sentencing range that has subsequently been lowered. The policy statement requires that the amendment must have actually had the effect of lowering the Guideline range. Although the policy statement is narrower, it certainly does not run contrary to § 3582(c)(2).

Doe, 564 F.3d at 310-11. For the same reasons articulated in Doe, the Commentary at issue in the present case, which elaborates upon which modifications will qualify as lowering the guideline range under the policy statement complements, rather than contradicts, the terms of § 3582(c)(2).

In reaching the opposite conclusion, Judge Dubois in Ware's case relied heavily on the United States Supreme Court's decision in Freeman v. United States, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), and Ware and Stratton likewise invoke Freeman as the ground for their argument on appeal. This reliance is misplaced. In Freeman, the court interpreted § 3582(c)(2)'s "based on" language to determine whether a defendant sentenced according to a plea agreement that recommended a particular sentence pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) could be eligible for a sentence reduction under § 3582(c)(2). Justice Sotomayor, in a separate opinion that results in the court's holding, held that "if a [plea agreement pursuant to Rule 11(c)(1)(C)] expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." Id. at 2695 (Sotomayor, J.,

concurring).[3] Ware and Stratton now claim that the Commentary to § 1B1.10 improperly defines "applicable guideline range" in a manner inconsistent with the "based on" language of § 3582(c)(2) as interpreted by Justice Sotomayor and the Supreme Court.

As discussed previously, the Commentary at issue in these appeals does not present an interpretation of the statutory term "based on," but rather presents an additional, complementary limit on sentences eligible for reduction pursuant to § 3582(c)(2). This limit is statutorily authorized by the requirement that a reduction be "consistent with applicable policy statements issued by the Sentencing Commission." The meaning of the term "based on" – and hence the holding of Freeman – is simply not germane to the present appeals.[4]

---

[3] A plurality of the Justices concluded that the court could "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence." Freeman, 131 S.Ct. at 2692-93. Justice Sotomayor concurred in the judgment, but on narrower reasoning that would permit reduction only in a subset of cases reviewable under the plurality approach. Justice Sotomayor's narrower reasoning thus stands as the binding holding of the court. Marks v. United States, 430 U.S. 188, 193 (1977).

[4] Moreover, Freeman was decided prior to the amendment of the Guidelines commentary that added the language at issue in these appeals. As we have recognized, § 3582(c)(2) expressly incorporates the Guidelines policies, and therefore modification of the relevant policies may affect the proper interpretation of the statute as a whole. It is clear, moreover,

13

We also note that this conclusion is consistent with our recent opinions in United States v. Barney, 672 F.3d 228 (3d Cir. 2012), and United States v. Berberena, ___ F. 3d ___, 2012 WL 3937666 (3d Cir. September 11, 2012). In Barney, which dealt with a separate provision of the Sentencing Guidelines and was decided *after* Amendment 759 took effect, we considered "what is the 'applicable guideline range' for a career offender receiving a . . . departure under a post-2003 edition of the Guidelines." Id. at 231. We concluded that there is "no doubt that a § 4A1.3 departure is a departure *from* the applicable guideline range, not a departure *to* the applicable guideline range." Id. at 231-32 (emphasis in original). The applicable guideline range, we reasoned, is "the range dictated by the Career Offender Guidelines, not [the post-] departure range." Id. at 232. We further noted that this conclusion was consistent with Amendment 759. Id. at 232 n.1. Neither Ware nor Stratton has articulated any meaningful distinction between the question presented in this

---

that the Sentencing Commission may modify the Guidelines and associated commentary in a manner that abrogates prior judicial decisions, much as Congress may amend a statute previously interpreted by the courts. See Braxton, 500 U.S. at 348, 111 S. Ct. at 1858 (declining to resolve circuit split regarding meaning of Guideline where Sentencing Commission was in process of amending Guideline in manner that would resolve conflict); Stinson, 508 U.S. 36, 46, 113 S. Ct. 1913, 1919 ("prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation . . . "). Thus, even if the meaning of "based on" in the context of § 3582(c)(2) were at issue in the present appeals, Freeman would not be controlling.

case and the question previously resolved in <u>Barney</u>, nor are we aware of any such distinction.

In <u>Berberena</u> we addressed several challenges to the Commission's authority to promulgate an amended policy statement to § 1B1.10 that generally prevented courts from reducing a defendant's sentence to a term less than the amended guideline range. Most relevant, we rejected Berberena's claim that the policy statement exceeded the Commission's statutory authority by intruding on judges' sentencing authority. In doing so, we noted that "the unfettered judicial discretion that Defendants seek to preserve is at odds with the narrow scope of § 3582(c)(2) sentence reduction proceedings." <u>Berberena</u>, ___ F. 3d at ___, 2012 WL 3937666, at *5.

We therefore conclude that the Sentencing Commission's Commentary defining "applicable guideline range" in such a manner as to exclude ranges determined as the result of variances and departures is not at odds and is not in conflict with the plain language of § 3582(c)(2) and is therefore binding on the District Courts. As we have determined the Commentary at issue to be valid, Ware and Stratton were not entitled to reductions of their sentences.

V

We will reverse the District Court's order entered on January 9, 2012 (our appeal no. 12-1330) granting Ware's motion for reduction of sentence, and we will affirm the District Court's order entered on February 28, 2012 (our appeal no. 12-1671) denying Stratton's motion for reduction of sentence.

15