NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4124
_____

UNITED STATES OF AMERICA

v.

CURTIS SANFORD,
a/k/a HASSEN

Curtis Sanford,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00015)
District Judge:  Honorable David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2012

Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed:  November 8, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Curtis Sanford appeals the District Court's order denying his motion to reduce

sentence for distribution of fewer than five grams of crack cocaine in violation of 21

U.S.C. § 841. Because Sanford's reliance on a retroactive amendment to the United States Sentencing Guidelines (USSG) is misplaced, we will affirm.

I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

In 2003, Sanford was convicted of two drug offenses involving crack cocaine. His initial offense level under § 2D1.1(c) of the Sentencing Guidelines was 18, and his criminal history category was VI. Because Sanford qualified as a career offender under § 4B1.1 of the Guidelines, his base offense level increased to 34, which yielded a Guidelines range of 262 to 327 months' imprisonment. The District Court granted Sanford a downward variance, sentencing him to 150 months' imprisonment, to be followed by a six-year term of supervised release. In 2008, the Sentencing Commission retroactively reduced the base offense levels for crack cocaine offenses.[1] *See* USSG app. C, amend. 706 (effective Nov. 1, 2007) (adjusting Guidelines); *id.*, amend. 713 (effective Mar. 3, 2008) (making Amendment 706 retroactive). The year after the Commission adopted Amendment 706, we held that defendants convicted of crack cocaine offenses but sentenced as career offenders were not eligible for a sentence reduction based on

---

[1] In addition to the 2008 amendments, in 2011 the Sentencing Commission passed Amendment 750 to the Guidelines, which further reduced the base offense levels for crack cocaine offenses. USSG app. C, amend. 750 (effective Nov. 1, 2011); *id.*, amend. 759 (effective Nov. 1, 2011) (making Amendment 750 retroactive). Sanford filed his motion to reduce sentence prior to the effective date of this amendment, and he seeks relief only under the 2008 amendments.

2

Amendment 706. *United States v. Mateo*, 560 F.3d 152, 156 (3d Cir. 2009).

Following the adoption of Amendment 706, Sanford moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied Sanford's motion, noting that his "sentencing range was controlled by the career offender provisions and the *Booker* variance was from the range produced by those provisions and not the sentencing range produced without them." App 1. This appeal followed.

## II[2]

Sanford correctly recognized during motion proceedings in the District Court that, because he was sentenced as a career offender under § 4B1.1, *Mateo* was controlling. On appeal, Sanford attempts to sidestep *Mateo* by arguing that his downward variance indicates that the crack cocaine Guidelines played a particularly important role in his sentence. This argument flies in the face of *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012).

In *Ware*, we held that a defendant who received a variance from the career offender Guidelines range was ineligible for relief under § 3582(c)(2). *Id.* at 534–35. We reasoned that a sentence reduction is permitted under the plain language of § 3582(c)(2) only to the extent that it is consistent with the Sentencing Commission's policy statement, USSG § 1B1.10. *Id.* at 533–34. Section 1B1.10, in turn, provides that a sentencing

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's interpretation of § 3582(c)(2), as well as its interpretation of the Sentencing Guidelines. *United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010); *Mateo*, 560 F.3d at 154.

reduction is appropriate only where a retroactive amendment lowers the defendant's "applicable guideline range." *Id.* at 531. Because the commentary to § 1B1.10 explicitly states that a defendant's "applicable guideline range" is calculated "before consideration of any departure provision in the Guidelines Manual or any variance," USSG § 1B1.10 cmt. 1(A), a defendant who received a variance from the career offender Guidelines may not receive a reduction under § 3582(c)(2). *Ware*, 694 F.3d at 531–32.

Sanford attempts to distinguish *Ware* by noting that it dealt with the 2011 amendments to the Guidelines, *id.* at 530, while Sanford was sentenced under the 2008 amendments. Even if we were to agree with Sanford and remand the case for resentencing, the 2011 amendments would apply and *Ware* would require the District Court to affirm Sanford's sentence. *See* USSG § 1B1.10 cmt. n.6 ("[T]he court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."). Accordingly, we will affirm the order of the District Court denying Sanford's motion for a reduction of sentence.