NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4250
_____

UNITED STATES OF AMERICA

v.

BOBBY L. BANKS, a/k/a Chase
Bobby L. Banks,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 07-cr-00444-002)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 27, 2013
_____

Before: FUENTES, FISHER, and CHAGARES, Circuit Judges.

(Filed: August 14, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Bobby Banks filed a motion seeking a reduction of his 120-month sentence pursuant to 18 U.S.C. § 3582(c)(2), which the District Court denied. Banks appeals that denial, and his attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant counsel's motion to withdraw and affirm the District Court's order.

I.

Because we write solely for the parties, we will only briefly summarize the facts essential to our disposition. Banks pled guilty to one count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing in 2008, the District Court adopted the Presentence Investigation Report's conclusion that although Banks was accountable for between 50 and 150 grams of cocaine base, corresponding to a base offense level of 30, his actual base offense level was 32 because he qualified as a career offender under advisory U.S.S.G. § 4B1.1. Taking a three-level reduction for acceptance of responsibility into account, Banks's total offense level was therefore 29 and his criminal history category was VI, with a resulting advisory Guidelines range of 151 to 188 months. Because the District Court agreed with Banks that his criminal history category overstated the seriousness of his criminal history and the likelihood that he would commit further crimes, it granted him departures of one criminal history category and two offense levels pursuant to U.S.S.G. § 4A1.3. Banks's resulting sentence was a sentence of 120 months.

On August 31, 2012, Banks sought a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 750 to the Guidelines, which affected

2

sentences for cocaine base offenses.  The District Court denied the motion, and Banks filed a timely notice of appeal on November 13, 2012.  On January 23, 2013, Banks's counsel filed a motion to withdraw as counsel and an accompanying brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he opined that there are no non-frivolous grounds for appeal.  Banks has not filed a pro se brief, but the Government has submitted a brief that responds to the defense counsel's Anders brief.

II.[1]

Counsel may seek to withdraw from representation if, after a thorough examination of the record, he or she is "persuaded that the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.").  Our inquiry of such a request is two-fold:  first, we ask whether counsel has thoroughly examined the record for appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues.  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  Where the Anders brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief.  See id. at 301.

---

[1]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

After a review of the Anders brief submitted in this case, we are convinced that Banks's counsel has "thoroughly examined the record in search of appealable issues." Id. Banks seeks relief from his current sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a defendant who has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," can file a motion seeking a reduction of their sentence. See also United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012) (explaining that U.S.S.G. § 1B1.10(a)(2) clarifies that a defendant is eligible for a sentence reduction under § 3582(c)(2) only if there is an amendment that has "the effect of lowering the defendant's applicable guideline range" (quotation marks and emphasis omitted)). As counsel cogently explained, however, because Banks's sentence was based on his status as a career offender and not based on the amount of cocaine base attributed to him, amendments to the crack cocaine guidelines had no effect on his advisory guideline range. See id. at 532 (explaining that the applicable Guidelines range for a defendant convicted of a crack cocaine offense but sentenced as a career offender is the guideline range reflecting his career offender designation). Banks is thus not entitled to relief under § 3582(c)(2) because no amendment to the Guidelines has reduced his "applicable guideline range."

We are additionally assured that Banks is ineligible for sentence relief under § 3582(c)(2) in light of our recent holding in United States v. Flemming, No. 12-1118, --- F.3d ---, 2013 WL 3779977 (3d Cir. July 22, 2013). In that case, we considered the impact of Amendment 759 to the United States Sentencing Guidelines, which defines "applicable guideline range" as "the guideline range that corresponds to the offense level

and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance," in the context of a motion for a sentence reduction by a defendant who, like Banks, had been sentenced as a career offender but granted a departure under U.S.S.G. § 4A1.3. Id. at *3 (quotation marks omitted). We concluded that the definition makes clear that "the 'applicable guideline range' for [such a defendant] is the range calculated pursuant to the career offender designation of §4B1.1," and that such defendants are not eligible for resentencing.[2] Id. We thus agree with defense counsel that no non-frivolous issues exist.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the order of the District Court.

---

[2] We note that even if Flemming had been decided differently, its applicability in this case is not certain. As we observed in a connection with an earlier iteration of Flemming's challenge of his sentence, the district court that sentenced Flemming departed under § 4A1.3 specifically to an advisory Guidelines range commensurate to the range that Flemming would have had under the crack cocaine guidelines. United States v. Flemming, 617 F.3d 252, 256 (3d Cir. 2010) (explaining that the district court "did not expressly quantify the extent of its departure" and instead observed that after the departure, it was "'le[ft] . . . with' . . . the same offense level and criminal history category that applied under the Crack Cocaine Guidelines without the career offender enhancement" (alterations in original)). Here, in contrast, there is nothing in the record that indicates that the District Court sentenced Banks "based on" the crack cocaine guidelines as required to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).