**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4398
_____

UNITED STATES OF AMERICA

v.

LORENZO GIL-DELACRUZ,
                                                Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No. 1-10-cr-00039)
District Judge: Honorable Leonard P. Stark
_____

Submitted Under Third Circuit LAR 34.1(a)
July 8, 2013
_____

Before: GREENAWAY, JR., SLOVITER, and BARRY, *Circuit Judges*.

(Opinion Filed: September 3, 2013)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Lorenzo Gil-Delacruz ("Appellant") asks us to review the District

Court's denial of his 18 U.S.C. § 3582(c) motion.  He argues that the District Court

should have reached the merits of his motion pursuant to its authority under § 3582(c)(1)(B). For the reasons set forth below, we will affirm.

## I. FACTS AND PROCEDURAL HISTORY

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion. In mid-2010, a federal grand jury indicted Appellant on charges of possessing with intent to distribute fifty grams or more of cocaine base. Shortly thereafter came the Fair Sentencing Act of 2010 ("FSA"), which took effect in August of that year. In February 2011, Appellant pled guilty to a one-count Information which charged that he possessed with intent to distribute "5 grams or more of a mixture and substance containing a detectable amount of cocaine base" in violation of 21 U.S.C. § 841(a)(1). (App. at 26.) The plea agreement likewise referred to "5 grams or more of a mixture and substance containing cocaine base." (*Id.* at 32.)

At the plea hearing, Appellant confirmed that he had possessed "more than five grams" of cocaine base. (Sup. App. at 20-21.) The Government then recited the salient facts of the case, explaining that Appellant possessed over 100 grams of crack cocaine on his person (in a small glassine envelope secreted in his mouth) and in his residence. (*See id.* at 21-23.) Immediately following this recitation, the Court asked whether Appellant or his counsel wished to challenge the Government's facts. (*Id.* at 23-24.) Appellant's counsel declined to "challenge or amend anything in the Government's recitation of the[se] facts," (*id.*), and Appellant himself noted that he had no strong disagreement with "any of the Government's factual representations," (*id.* at 24). Finally, Appellant

2

confirmed his understanding that "the count to which [he was] pleading guilty carrie[d] a minimum mandatory [sic] sentence of five years incarceration."[1] (*Id*. at 14-15.)

In September 2011, a month after this Court found the FSA to be retroactive in *United States v. Dixon*, 648 F.3d 195 (3d Cir. 2011), the District Court held Appellant's sentencing hearing. At that hearing, Appellant did not object to the Presentencing Report, which again stated that he possessed with intent to distribute over 100 grams of crack cocaine and calculated the applicable Guidelines Range according to the post-FSA numbers. (App. at 53-54.) Nor did he disagree that, given the amount of crack cocaine at issue, a mandatory minimum sentence of 60 months applied.[2] (*See, e.g., id*. at 51 ("THE

---

[1] The mandatory minimum sentence is set forth in 21 U.S.C. § 841(b)(1)(B):

> (b) Penalties
>
> Except as otherwise provided . . . any person who violates subsection (a) of this statute shall be sentenced as follows:
>
> > (1) . . . (B) In the case of a violation of subsection (a) of this section involving —
> >
> > > (iii) 28 grams or more of a mixture or substance . . . which contains cocaine base;
> >
> > Such person shall be sentenced to a term of imprisonment which may not be less than 5 years . . . .

21 U.S.C. § 841(b)(1)(B)(iii). Prior to the FSA, the same section had required only "5 or more grams" of such substance to trigger the mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B) (2006). At the time of Appellant's plea hearing, we had not yet resolved the question of whether the FSA retroactively applies to individuals, like Appellant, whose crimes occurred prior to the FSA's enactment but were sentenced after.

[2] Indeed, it was Appellant who asked for the 60-month mandatory minimum prescribed by the FSA. In a letter filed with the District Court prior to the sentencing hearing, Appellant's counsel argued in favor of retroactively applying the FSA, "respectfully contend[ing] that the court apply the new mandatory minimum standard set forth in the Fair Sentencing Act of 2010 and sentence [Appellant] *only* to that minimum period of incarceration." (App. at 42.) At the sentencing hearing, Appellant returned to this point,

COURT: . . . It seems there is no dispute that the minimum mandatory is 60 months.

[APPELLANT'S COUNSEL]: That is exactly right. For pure numbers, that is correct."). Ultimately, the District Court ruled that, given the applicable post-FSA Guidelines Range of 63 to 78 months, it would "vary downward from the bottom of the advisory range of 63 down to the mandatory minimum of 60 months." (*Id.* at 83.)

A half-year later, Appellant filed a *pro se* motion for modification of sentence, captioned: "§ 1B1.10 Reduction in Term of Imprisonment as Result of Amended Guidelines Amendment Pursuant to 3582(c)(2)." (*Id.* at 86.) Appellant's counsel also filed a brief in support of the motion, captioned "Defendant Gil-Delacruz's Brief in Support of Sentence Reduction under Guideline Amendment 750." (*Id.* at 102.) In essence, Appellant contended that the FSA had reduced his applicable Guidelines Range and, separately, that he should not have been subject to the post-FSA mandatory minimum sentence given that he pled guilty to possessing with intent to distribute "5 or more" grams of crack cocaine rather than the "28 or more" now required to trigger the mandatory minimum under the amended version of 21 U.S.C. § 841(b)(1)(B). (*See id.* at 102-08.)

---

with counsel arguing that "notwithstanding the application or impact of the plea agreement in this case and notwithstanding the actual guidelines which I know are retroactive in this case, the actual mandatory minimum, the new mandatory minimum [under the FSA] should apply in this case, and I suggest there is ample authority for that." (*Id.* at 50; *see also id.* at 51-52 (explaining that Appellant's counsel sent the letter "because [he] thought it was important" since "[t]he Court could hang its hat on either the mandatory minimum and the application of the plea agreement or it could hang its hat on the notion that the Court finds that the Fair Sentencing Act is in fact retroactive and applicable [to] this case").)

In November 2012, the District Court denied the motion.  The District Court explained that Appellant had been sentenced under the post-FSA guidelines and was also subject to the 60-month mandatory minimum sentence.  Since Appellant "ha[d] already received the benefit of the Sentencing Commission's 2010 and 2011 amendments [as a result of the FSA]," the District Court ruled that it did not "have the authority pursuant to Section 3582(c) to reduce [Appellant's] sentence." (*Id*. at 4.)  The District Court also explained that Appellant's contention that he should not have been subject to the mandatory minimum sentence "[did] not provide grounds for relief pursuant to Section 3582."[3] (*Id*. at 5.)

Appellant does not seem to quarrel with the District Court's resolution of the § 3582(c)(2) issue regarding his applicable Guidelines Range.  Rather, he now argues that the District Court had authority to reduce his sentence pursuant to § 3582(c)(1)(B), which permits a district court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B).  According to Appellant, the FSA expressly permits retroactive sentence modification here.

## II.   JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Appellant's case pursuant to 18 U.S.C. § 3231.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because

---

[3] We note, in passing, that throughout this months-long process, the only §3582(c) subsection explicitly mentioned in any of the relevant papers had been § 3582(c)(2).

this case raises a "purely legal question" for interpreting 18 U.S.C. § 3582(c)(1)(B), our review is plenary. *See United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012).

### III. ANALYSIS

We think it unnecessary to definitively resolve Appellant's argument as we fail to see what Appellant would gain even if we agreed with him that the District Court had authority pursuant to § 3582(c)(1)(B). Were we to remand Appellant's motion for further consideration, he would still be subject to a 60-month mandatory minimum sentence. Although the FSA increased the threshold amount for imposition of the 60-month mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(B) from "5 or more" to "28 or more" grams of crack cocaine and the Information and plea agreement both stated that Appellant possessed "5 or more" grams of the substance, at the plea hearing Appellant did reiterate that he possessed "more than five" grams of crack cocaine and he validated the veracity of the Government's factual recitation — which described him as being in possession of more than 100 grams.

Thus, even if we were to assume away the potential legal impediments to Appellant's position and accept that (1) the FSA expressly permits retroactive sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(B); (2) a motion pursuant to 18 U.S.C. § 3582(c)(1)(B) could be a proper vehicle for challenging the imposition of a mandatory minimum sentence, *but see United States v. Carter*, 500 F.3d 486 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a [28 U.S.C.] § 2255 motion."); and (3) the complete lack of a direct citation to 18

6

U.S.C. § 3582(c)(1)(B) in any of the papers before the District Court does not otherwise constrain Appellant's ability to obtain the relief he seeks, we would return to the same point: Appellant admitted that he possessed more than 100 grams of crack cocaine with intent to distribute.

In light of this admission, the post-FSA mandatory minimums would still apply. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for [purposes of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)] is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."); *see also United States v. Burke,* 431 F.3d 883, 887 (5th Cir. 2005) (explaining that accepting the Government's recitation of fact during a plea colloquy as accurate amounts to an admission).

## IV.   CONCLUSION

For the reasons discussed above, we affirm the District Court's denial of Appellant's motion to modify his sentence.