NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1211

_____

UNITED STATES OF AMERICA

v.

MAURICE PLUMMER,
a/k/a Maurice Dion Williams

MAURICE PLUMMER,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-05-cr-00336-001)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2013

Before:  AMBRO, FISHER, and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed: September 24, 2013)

_____

OPINION

_____

AMBRO, Circuit Judge

Maurice Plummer appeals from the District Court's refusal to reconsider a sentence reduction relating to his crack cocaine conviction. For the following reasons, we summarily affirm.

Plummer was sentenced to 144 months' imprisonment after pleading guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. He sought a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) following retroactive amendments to the Sentencing Guidelines that lowered the Guidelines' range for certain crack cocaine offenses. The Sentencing Commission's commentary excluded from relief, however, individuals whose "applicable guideline range" was not lowered by the amendments, *see* U.S.S.G. § 1B1.10 cmt. 1(A), which includes those sentenced as career offenders. Although Plummer was deemed a career offender at sentencing, the District Court granted a downward departure to a non-career offender Guidelines' range; on this basis, he asserted he was entitled to a reduced sentence under § 3582(c)(2).[1]

Plummer concedes on appeal that this argument is foreclosed by our recent decision in *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012), in which we held that the "applicable guideline range" is calculated prior to any variance or departure, and hence was not lowered by the amendments even where a defendant was sentenced to a non-career offender range due to a downward variance. *Id.* at 531–32. Because *Ware* renders

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Plummer ineligible for relief and further review of that case has been denied, no substantial question is presented on appeal. Accordingly, we summarily affirm the District Court's denial of Plummer's request for a sentence reduction pursuant to § 3582(c)(2) and his subsequent motion for reconsideration. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.