**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1475
_____

UNITED STATES OF AMERICA

v.

RASHI ABDUL USHERY,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-07-cr-00403-001)
District Judge:  Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed: March 7, 2014)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Appellant Rashi Abdul Ushery asked the District Court to reduce his sentence by

forty-three months based on provisions of the Fair Sentencing Act of 2010 (FSA).  The

District Court granted his request, in part, and reduced Ushery's sentence by fifteen

months.  Ushery appealed, but did not file a brief *pro se*.  We appointed the Federal

Public Defender's Office to represent him. Assistant Federal Public Defender Ronald A. Krauss has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) in which he opined that there are no non-frivolous grounds for appeal. We agree. Counsel also filed a motion to withdraw his representation, which we will grant.

## I.

Because we write solely for the parties, we will only briefly summarize those facts essential to our disposition. On October 3, 2007, a grand jury returned a one-count indictment against Ushery, charging him with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On September 17, 2008, a jury found him guilty of this offense. The United States Probation Office prepared a presentence report, which found Ushery responsible for 65.7 grams of crack cocaine. Under the 2008 United States Sentencing Guidelines Manual, which was the edition used to calculate his Guidelines range, Ushery was assigned a base offense level of 30 and a criminal history category of IV, resulting in a Guidelines range of 135-168 months, with a statutory mandatory minimum sentence of ten years. On February 23, 2009, the District Court sentenced Ushery to 135 months incarceration, a fine of $1,000, community restitution of $1,000, a special assessment of $100, and five years of supervised release. On June 21, 2012, the probation office filed an addendum to Ushery's PSR. The addendum determined Ushery's revised offense level to be 26, which when coupled with his criminal history category of IV, results in a Guidelines range of 92-115 months, altered, however, by the statutory 10 year mandatory minimum.

Although the Fair Sentencing Act of 2010 changed the weight thresholds for mandatory minimum sentences, we have held that it did not make those mandatory sentences retroactively applicable to those individuals whose offense conduct and subsequent sentencing took place before the Act's effective date. *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010). Thus, the District Court determined it lacked authority to sentence Ushery to a term below the ten-year mandatory minimum sentence applicable prior to the Fair Sentencing Act.

## II.

Counsel may seek to withdraw his or her representation if, after a thorough examination of the record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *see also Anders*, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our inquiry of such a request is two-fold: first, we ask whether counsel has thoroughly examined the record for appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Where the *Anders* brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a *pro se* brief. *See id.* at 301.

After a review of the *Anders* brief submitted in this case, we are convinced that Ushery's counsel has "thoroughly examined the record in search of appealable issues."

3

*Id* at 300. Further, we find sufficient indicia that counsel thoroughly searched the record and the law so that we may consider with confidence only those objections raised. *See id.* (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000). Counsel's brief demonstrates a command of the record, and provides a clear explanation as to why controlling law renders frivolous the single issue identified: whether the District Court had the authority to sentence Ushery to a term that was below the ten-year mandatory minimum sentence that was applicable prior to the enactment of the FSA.

Ushery seeks relief from his current sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a defendant who has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," can file a motion seeking a reduction of their sentence. *See also United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012) (explaining that U.S.S.G. § 1B1.10(a)(2) clarifies that a defendant is eligible for a sentence reduction under § 3582(c)(2) only if there is an amendment that has "the effect of lowering the defendant's applicable guideline range" (quotation marks and emphasis omitted)).

The District Court did not err when it refused to sentence Ushery below the mandatory minimum sentence. Ushery points us to a decision of the Court of Appeals for the Sixth Circuit in support of his argument, but that decision has since been overturned by the Sixth Circuit *en banc*. *See United States v. Blewitt*, -- F.3d ---, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). The Sixth Circuit vacated the decision upon which Ushery relies. In its place, the Court of Appeals issued an opinion which held that the FSA's influence on statutory minimums does not apply retroactively to final sentences. *See id*. at 1, 3.

Accordingly, *Blewitt* cannot help Ushery.[1]  Our independent review confirms this conclusion.

## III.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw.  We also conclude, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for the purposes of counsel filing a petition for a writ of certiorari in the Supreme Court of the United States.

---

[1] The Sixth Circuit's decision in *Blewitt* falls into line with all of the other Circuits to address the issue, including our decision in *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010).  The Supreme Court has also foreclosed Ushery's argument here in *Dorsey v. United States*, --- U.S. ---, 132 S.Ct. 2321, 2326 (2012).