**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3897
_____

UNITED STATES OF AMERICA

v.

JAMAL SPOONHOUR,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-07-cr-00154-001)
District Judge: Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2014

Before: CHAGARES, GARTH and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2014 )
_____

OPINION
_____

PER CURIAM

Jamal Spoonhour, proceeding pro se, appeals from the United States District Court for the Middle District of Pennsylvania's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

In December 2007, Spoonhour pleaded guilty to possession with intent to deliver cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). During sentencing, the District Court determined that Spoonhour was a career offender pursuant to United States Sentencing Guidelines § 4B1.1. As a career offender, his base offense level was 32. Due to Spoonhour's acceptance of responsibility, the District Court granted a three-level reduction in his offense level, resulting in a base offense level of 29. Because Spoonhour was a career offender, his Criminal History Category was VI. As a result, Spoonhour had a Sentencing Guidelines range of 151-188 months' imprisonment. The District Court sentenced Spoonhour to 180 months' imprisonment. Spoonhour appealed and we affirmed his sentence. See United States v. Spoonhour, 336 F. App'x 148 (3d Cir. 2009) (not precedential).

In March 2013, Spoonhour filed the sentence reduction motion, relying on Amendment 750 of the Guidelines. Amendment 750, which applies retroactively, "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). Counsel was appointed, but later sought and was granted permission to withdraw. On April 16, 2013, the District Court denied

Spoonhour's motion after determining that Amendment 750 did not reduce his sentencing range or ultimate sentence. Spoonhour appealed.[1]

Section 3582(c)(2) provides for the modification of the terms of imprisonment "'in the case of a defendant who has been sentenced . . . based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)); see also United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012) ("'A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." (quoting U.S.S.G. § 1B1.10(a)(2)) (alteration and second omission in original)). Here, as the District Court noted, Spoonhour's sentencing range under the Guidelines was based on his career offender classification. Because Amendment 750 did not affect the career offender Guidelines, Spoonhour is not entitled to relief under § 3582(c)(2). See, e.g., United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009) (holding that a retroactive reduction

---

[1] Spoonhour's notice of appeal was not filed until September 24, 2013. See Fed. R. App. P. 4(b)(1)(A) (providing that in a criminal case where the Government does not appeal a defendant's notice of appeal must be filed within 14 days of the entry of judgment). Because the Government does not object to the notice of appeal on timeliness grounds, we will consider Spoonhour's appeal on the merits. Virgin Islands v. Martinez, 620 F.3d 321, 329 (3d Cir. 2010). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "When the District Court determines that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), our review is plenary." See United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

in the  Guidelines' cocaine base offense levels does not entitle a defendant to a sentence reduction when his sentencing range was based on the alternative career offender offense level).

Finally, Spoonhour argues in his brief that the District Court committed errors at sentencing that resulted in equal protection violations.  These issues are not properly before us because they were not raised in the District Court, see Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994) (holding that issues raised for the first time on appeal will not be considered); nor could they have been raised in the District Court in the context of a § 3582(c)(2) motion, see Weatherspoon, 696 F.3d at 420-22 (describing the limited authority a district court is granted under § 3582(c)(2) to consider whether a defendant should receive a sentence reduction).

For the foregoing reasons, we will affirm the District Court's April 16, 2013 order denying Spoonhour's motion to reduce his sentence.