**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2773
_____

UNITED STATES OF AMERICA

v.

JASON DUNLAP,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cr-00305-001)
District Judge: Honorable Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 17, 2025

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES, and McKEE, *Circuit Judges*

(Opinion filed: August 28, 2025)

_____

OPINION*
_____


McKEE, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jason Dunlap appeals the District Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] We review de novo whether a defendant is eligible to receive a reduced sentence pursuant to § 3582(c)(2).[2] But once eligibility has been determined, we review a district court's decision whether to grant or deny a motion for reduction of sentence for abuse of discretion.[3]

The District Court denied Dunlap's motion because it concluded that Dunlap was not eligible to receive a reduced sentence, but even if he had been, a reduction was not warranted based on the seriousness of the offense, as well as other factors. Regardless of whether Dunlap was eligible for a sentence reduction under § 3582(c)(2), the District Court did not abuse its discretion when it determined that a reduction was not warranted.

We are aware of the rather tragic way Dunlap's own drug addiction began, as well his efforts at rehabilitation while incarcerated.[4]  However, the abuse of discretion

---

[1] A district court may reduce a sentence:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).
[2] *United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012).
[3] *Id.*
[4] While incarcerated, Dunlap received two years of counseling and completed two drug rehabilitation classes, as well as several other prison programs. He read over 200 books and volunteered as a GED instructor for multiple inmates. In addition, he worked as a unit orderly, compound driver, environmental engineer, and spent hundreds of hours in the food service preparing meals for other inmates.

standard that governs our review of the District Court's denial of Dunlap's motion for reduction of sentence is highly deferential.[5] "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact."[6] We cannot conclude that the District Court abused its discretion by denying Dunlap's motion to reduce his sentence.

Accordingly, we must affirm the District Court's denial of Dunlap's motion to reduce his sentence.

---

[5] *United States v. Tomko*, 562 F.3d 558, 565 (3d Cir. 2009).
[6] *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).