**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-3322

———————

UNITED STATES OF AMERICA

v.

DEXTRICK LAWTON,

                                                    Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:12-cr-00295-001)
District Judge: Honorable Marilyn J. Horan

———————

Submitted under Third Circuit L.A.R. 34.1(a)
November 13, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: November 25, 2025)

———————

OPINION[*]

———————

AMBRO, *Circuit Judge*

　　Defendant-Appellant Dextrick Lawton pled guilty in 2013 to conspiracy to

distribute and possess with intent to distribute heroin. Consistent with the plea agreement,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court sentenced him to 15 years in prison to be followed by 5 years of supervised release. On this appeal—his third—Lawton challenges the District Court's denial of his latest motion for a sentence reduction. On his last appeal, we affirmed the finding he disputes and rejected the arguments he renews. We again affirm.

## I.

In 2013, Lawton accepted a plea agreement per Federal Rule of Criminal Procedure 11(c)(1)(C) on charges of conspiracy to distribute and possess with intent to distribute heroin. Initially, the Presentence Report (PSR) specified that he played a leadership role in the conspiracy. But he objected to that finding and the District Court excised the offending paragraphs. The Court then sentenced him as noted above. Lawton appealed, but we held he had waived his appellate rights. *United States v. Lawton*, 640 F. App'x 146, 146–47 (3d Cir. 2016).

A few years later, Lawton moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) to avail himself of a retroactive amendment to the U.S. Sentencing Guidelines. The District Court denied the motion, mainly on the ground that his agreement to a 15-year sentence spared him charges with a mandatory minimum of 20 years imprisonment and the possibility of a life sentence. However, the Court also asserted that "despite his age, Defendant was found to have played a leadership role within the drug-trafficking conspiracy." *United States v. Lawton*, No. 12-295, 2020 WL 1935518, at *4 (W.D. Pa. Apr. 21, 2020). Lawton appealed, arguing the District Court gave undue weight to the plea agreement and made the unsubstantiated finding that he had a leadership role in the

conspiracy. *Lawton v. United States*, No. 20-2118, 2020 WL 6319251, at \*30, \*34, \*37–38 (3d Cir. Oct. 26, 2020). We affirmed. *United States v. Lawton*, 848 F. App'x 499, 502 (3d Cir. 2021).

Last year, Lawton moved again for a sentence reduction because of a retroactive amendment to the Guidelines, Amendment 821. The District Court determined that the amendment retroactively changed how "status points" determine a defendant's criminal history category. Before, Lawton's criminal history category was a III and his Guidelines range was 151 to 188 months; now, his history category would be a II and his range would be 120 to 135 months. Nonetheless, the District Court determined the 18 U.S.C. § 3553(a) factors did not warrant reducing Lawton's sentence, primarily because, as noted before, his plea agreement spared him the risk of a much longer one. The District Court also repeated the leadership role finding from the prior opinion.

Lawton appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the denial of a § 3582(c)(2) motion for abuse of discretion, save for "purely legal question[s]," which are subject to plenary review. *United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012). A district court abuses its discretion only if we have a "definite and firm conviction" that the court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000).

**III.**

When the Sentencing Commission retroactively lowers the range under which a defendant was sentenced, he may move for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The inquiry has two steps. *Id.* at 827. At step one, the district court must "determin[e] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (cleaned up). At step two, the court must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted . . . under the particular circumstances of the case." *Id.* This appeal concerns only the District Court's step two determination that the § 3553(a) factors did not warrant a shorter sentence.

Lawton argues the District Court violated due process when it considered his alleged leadership role in the offense despite the initial sentencing court's excision of the relevant portion of the PSR. The Court denied his first motion for a sentence reduction in part on this same dubious basis. *Compare United States v. Lawton*, No. 12-295, 2020 WL 1935518, at *4 (W.D. Pa. Apr. 21, 2020) ("Moreover, despite his age, Defendant was found to have played a leadership role within the drug-trafficking conspiracy.") *with* Appx 11 ("Further, despite his age, Defendant was found to have played a leadership role within that conspiracy."). On appeal, Lawton challenged it on the same due process basis he does now. Brief for Appellant, *Lawton*, 2020 WL 6319251, at *30, *34, *37–38. We affirmed, finding "the District Court correctly focused upon the benefits the plea agreement conferred upon

4

Lawton," and brushing aside his other "constitutional and statutory arguments" as "lack[ing] merit." *Lawton*, 848 F. App'x at 502.

That makes the propriety of the leadership role holding the law of the case. The doctrine for law of the case "holds that a rule of law announced in a case should later be applied to the same issues in subsequent stages in the litigation." *United States v. Jackson*, 132 F.4th 266, 276 (3d Cir. 2025) (quotation omitted). We will reconsider the propriety of the leadership role finding only under "extraordinary circumstances," such as the discovery of new evidence, the announcement of supervening law, or the determination "the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997).

Lawton does not point to new evidence or law. The leadership role finding may well have been clearly erroneous. After all, the sentencing court excised from the PSR the only facts that could sustain it. *Cf. United States v. Harmon*, 150 F.4th 197, 203 (3d Cir. 2025) (holding factual basis for denying sentence reduction must have "sufficient indicia of reliability to support [its] probable accuracy" (quotation omitted)). But it is unlikely the finding created any "manifest injustice" because it played little role in the denial of his motion. The District Court's primary reason for denying the motion was that Lawton benefitted significantly from the plea deal—the very reason we already held sufficed to sustain his sentence. *See Lawton*, 848 F. App'x at 501–02. Even within the District Court's consideration of the § 3553(a) factors, the leadership finding received only a single sentence at the end of a paragraph of other relevant, appropriate findings. There is no reason to think that finding made a difference.

5

\*　　\*　　\*　　\*

We do not endorse the District Court's unsupported finding Lawton played a leadership role in the offense. But we previously affirmed the same finding against the same arguments. And because the finding played a minor role in the District Court's reasoning, correcting it would not right any egregious wrong. For these reasons, we affirm the District Court's denial of Lawton's motion for a sentence reduction.