**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-1590
_____

UNITED STATES OF AMERICA

v.

JOHN EVERETT,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00082-001)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2011

BEFORE: FISHER, JORDAN and COWEN , Circuit Judges

(Filed May 3, 2011)
_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

John Everett appeals from the criminal judgment entered by the United States District Court for the Middle District of Pennsylvania. We will affirm.

I.

Everett was arrested on December 17, 2008 by agents of the Pennsylvania Office of Attorney General's Bureau of Narcotics Investigation for state drug trafficking and firearms offenses following several undercover drug purchases and the search of a building owned by Everett pursuant to a search warrant (which uncovered, inter alia, crack cocaine, drug-related paraphernalia, cash, and a handgun). On December 18, 2008, state authorities notified their federal counterparts of Everett's arrest and the state charges against him. On March 4, 2009, a federal grand jury indicted Everett on one count of possession with intent to distribute 50 grams or more of cocaine base and cocaine under 21 U.S.C. § 841(a). A federal arrest warrant was issued on the same day. Meanwhile, the state court proceeding went forward, with the Commonwealth providing discovery to the defense counsel on March 6, 2009 and the defense filing a motion to suppress on March 30, 2009. A suppression hearing and trial was scheduled for May 6, 2009. On this date, Everett appeared with counsel at the Dauphin County Courthouse, but, as they were entering the courtroom, federal agents arrested Everett on the outstanding federal arrest warrant. He was then arraigned and ordered detained by a Magistrate Judge. On

November 9, 2009, the Commonwealth petitioned to nolle prosequi the state prosecution because of the federal indictment.

Everett moved to dismiss the federal case as a vindictive prosecution and to suppress the physical evidence obtained as a result of the search. After conducting a suppression hearing, the District Court ultimately denied the requested relief on August 24, 2009. The parties then entered into a conditional plea agreement, which was accepted by the District Court on October 28, 2009.

The defense "argued that the Guideline range of 292 to 365 months incarceration due to possession of 'crack' cocaine instead of 'powder' cocaine was unwarranted and clearly reflected a disparate sentence in light of the Guidelines as they relate to 'crack.'" (Appellant Counsel's Brief at 5.) The District Court, however, followed its general policy of applying a one-level reduction in the offense level to account for the crack/powder cocaine sentencing disparity, resulting in an advisory Guidelines range of 262 to 327 months. On February 22, 2010, the District Court sentenced Everett to 262 months of imprisonment, and Everett filed a pro se notice of appeal.[1]

II.

---

[1] The District Court had subject matter jurisdiction over this criminal proceeding pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

On January 18, 2011, this Court granted the motions by Everett's counsel for leave to file Everett's pro se supplemental brief and his pro se "Reply to Particularity Argument" document. We accordingly have considered these pro se submissions in addition to the briefs filed by counsel.

Everett contends that the District Court committed reversible error by failing to grant his motion to dismiss on vindictive prosecution grounds, relying in particular on the federal prosecutor's "explanation" at the initial hearing before the Magistrate Judge "that the federal arrest had been designed to prevent Mr. Everett from attending his state trial and pleading guilty (App 35-38)." (Appellant Counsel's Brief at 4.) "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). Everett (through his counsel) acknowledges that there was no evidence that "the prosecutor initiated the federal indictment against Mr. Everett due to any personal animus, ill will, or bad motive." (Appellant Counsel's Brief at 12.) In fact, even *before* any substantive steps were taken in the state court proceeding, state officials notified their federal counterparts of Everett's initial arrest, a federal indictment was returned, and a federal arrest warrant was issued. His subsequent federal arrest at the courthouse, while somewhat unusual, merely resulted in a delay in the state prosecution, which the Commonwealth then moved to dismiss. In turn, the government quite reasonably points out that it had a legitimate interest "in having this case resolved in one federal proceeding without the complications that may arise from duplicate proceedings." (Appellee's Brief at 22 (citing A37).) Accordingly, the District Court appropriately rejected Everett's vindictive prosecution claim.

4

It is undisputed in this appeal that a violation of procedural rules (such as the failure to bring and present a copy of the search warrant at the time of the search) does not automatically trigger the exclusion of evidence. However, Everett asserts that the narcotics agents engaged in bad-faith or intolerable conduct, with Everett specifically claiming, inter alia, that these agents repeatedly lied to him when he demanded that they produce a search warrant or leave his property and that one of the agents went on to lie at the suppression hearing by falsely stating that she gave him a copy of the warrant at the jail the day following the arrest (when in fact he was not provided with the copy until several days later). Nevertheless, the District Court committed no reversible error here because, in the District Court's own words, the search warrant was issued by an "impartial magistrate," nothing but pure conjecture suggested that the agents' "sloppiness in this instance rises to the level of bad-faith or intolerable conduct that is widespread," and Everett "has failed to demonstrate that he was prejudiced by his failure to receive a copy of the warrant at the time of the search." (A199.)

As the District Court recognized, the Fourth Amendment requires warrants to describe with particularity "the place to be searched, and the persons or things to be seized." Everett specifically contends that the evidence found at the building must be suppressed because, among other things, the narcotics agents knew (or obviously should have known or at least should have conducted a further investigation into the matter) and then disclosed to the issuing authority the fact that the building in question had been divided into separate apartments. Everett's Fourth Amendment claim must be rejected

5

because the District Court, in a well-reasoned opinion, appropriately found that the building had not yet been converted into apartments at the time that the search warrant was obtained and when the search warrant was executed. While the agents were possibly on notice that the building was in the process of being converted into apartments, they had no reason to believe that the process had been finished. According to the District Court, the second confidential informant, who visited the building approximately two hours before the search warrant was issued, actually confirmed that the building was still in the process of being remodeled and split up into apartments and that no one appeared to live there. The District Court, in turn, properly noted that "the agents encountered a house under construction with tools laying about, no furniture, no household goods or personal effects, and most significantly, no doors separating the supposed apartments from the common areas." (A200.)

Finally, Everett argues that his sentence must be overturned pursuant to the Fair Sentencing Act of 2010 (which went into effect after Everett was sentenced) and the allegedly applicable 1:1 crack/powder cocaine sentencing ratio. We reject his sentencing claim because, among other things, Everett does not contest on appeal the government's observation that the same range of 262 to 327 months ultimately adopted by the District Court would apply even under the new sentencing regime given Everett's status as a career offender.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.