NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 13-1285
———

UNITED STATES OF AMERICA

v.

JOHN EVERETT
Appellant
———

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 1-09-cr-00082-001)
District Court Judge: Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2013

Before:  SMITH, GARTH, and SLOVITER, *Circuit Judges*

(Filed: September 13, 2013)

———

OPINION OF THE COURT
———

GARTH, *Circuit Judge*.

        The appellant, John Everett, appeals from the judgment of the District

Court denying his motion for a reduction in sentence pursuant to 18 U.S.C. §

3582(c)(2).[1] The District Court determined that Everett is ineligible for a reduction in his sentence because, although the guideline range applicable to his crack cocaine offenses was subsequently lowered by a retroactive amendment, due to a sentencing variance, Everett's sentence was already at the lowest end of his amended guideline range.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm the judgment of the District Court.

I

Because we write principally for the benefit of the parties, we recite only those facts necessary to our disposition. On October 28, 2009, Everett was convicted, by a conditional guilty plea, of one count of possession with intent to distribute 50 grams or more of cocaine base and cocaine in violation of 21 U.S.C. § 841(a). On February 22, 2010, the District Court (Rambo, J.) sentenced Everett to 262 months in prison based on this conviction.

In imposing this sentence, the District Court began by adopting the Presentence Investigation Report (PSR) prepared by the Probation Office.

---

[1] 18 U.S.C. § 3582(c)(2) provides that: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

According to the PSR's calculations, the Sentencing Guidelines prescribed a sentencing range of 292 to 365 months. This range reflected an offense level of 35 (based on a base offense level for the crack offense of 36, an additional two points for possessing a firearm, and a reduction of three points for acceptance of responsibility) and a criminal history category of VI (based on Everett's status as a career offender). As noted in an addendum to the PSR, had Everett's offense level been governed by his career offender status rather than the higher-level crack offense,[2] his final offense level (accounting for acceptance of responsibility) would have been 34, resulting in a guideline range of 262 to 327 months.

Having adopted the PSR, the District Court granted Everett a one-level variance from the offense level dictated by the Guidelines for his crack cocaine conviction, resulting in a final offense level of 34 and a guideline range of 262 to 327 months. The District Court granted this variance pursuant to its policy of ameliorating the then-existing disparity between crack and powder cocaine offense levels by reducing the offense level in crack cocaine cases by one level. The District Court then sentenced Everett to 262 months in prison, the bottom of the sentencing range resulting from the variance.[3]

---

[2] U.S.S.G. § 4B1.1(b) provides that, barring an exception not applicable here, "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."

[3] Everett appealed from his conviction on grounds not relevant to this appeal, and we affirmed the judgment of the District Court. United States v. Everett, 426 F. App'x 112, 113 (3d Cir. 2011).

In 2012, Everett moved for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of a retroactive reduction in the Guidelines offense level applicable to crack cocaine offenses implemented subsequent to his initial sentencing.[4] In response to this motion, the Probation Office prepared a Guidelines calculation accounting for the reduced offense level applicable to Everett's crack cocaine offense. The amended base offense level for Everett's crack cocaine conviction dropped from 36 to 34 (plus 2 points for possessing a firearm, resulting in an offense level of 36); however, pursuant to U.S.S.G. § 4B1.1(b), Everett's status as a career offender resulted in an offense level of 37. After a three-point adjustment for acceptance of responsibility, Everett's offense level under the Guidelines was calculated to be 34, producing a guideline range of 262 to 327 months.

The District Court, reasoning that it was not authorized to reduce further Everett's 262-month sentence below the minimum of the amended guideline range, denied Everett's motion on January 14, 2013. This timely appeal followed.

II

---

[4] "In 2010, the Sentencing Commission promulgated an amendment to the Sentencing Guidelines that, effective November 1, 2011, reduced the base offense levels for crack cocaine offenses by increasing the weight of drugs associated with each offense level. U.S.S.G., App. C, amd. 750. Simultaneously, the Commission also promulgated a further amendment, Amendment 759, also effective November 1, 2011, adding the relevant portions of Amendment 750 to the list of amendments that may trigger a retroactive sentence reduction." United States v. Ware, 694 F.3d 527, 529-30 (3d Cir. 2012) cert. denied, 133 S. Ct. 1836 (2013).

We review a District Court's resolution of a § 3582(c)(2) motion for reduction of sentence for abuse of discretion; legal questions concerning the interpretation of § 3582(c)(2) and the related policy statements by the Sentencing Commission we review de novo. United States v. Ware, 694 F.3d 527, 531 (3d Cir. 2012) cert. denied, 133 S. Ct. 1836 (2013).

18 U.S.C. § 3582(c)(2) provides that a District Court may reduce a defendant's sentence that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant portion of the applicable policy statement, in turn, declares that:

> Except as provided in subdivision (B) [concerning reductions for providing substantial assistance to the government], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

 U.S.S.G. § 1B1.10(b)(2)(A).

Everett was initially sentenced to a prison term of 262 months. Everett's amended guideline range, taking into account both the reduced offense level applicable to crack cocaine offenses and his status as a career offender, has been calculated as 262 to 327 months. Everett does not deny his eligibility to be sentenced as a career offender or otherwise dispute the accuracy of this updated Guidelines calculation. Everett's original sentence of 262 months is already at the

bottom of his amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A)—*of which Everett makes absolutely no mention*—thus plainly precludes any further reduction in his sentence.

Everett's sole contention is that he is eligible for a reduction in his sentence because such a reduction is not barred by U.S.S.G. § 1B1.10(a)(2), which provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." In light of the fact that § 1B1.10(b)(2)(A) independently precludes any further reduction in Everett's sentence, we need not consider the effect of § 1B1.10(a)(2) on his eligibility for a sentence reduction.

The judgment of the District Court will therefore be affirmed.