NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4482
_____

UNITED STATES OF AMERICA

v.

ANDRE WARE,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-08-cr-00625-001)
District Judge: Hon. Jan E. Dubois

Submitted Pursuant to Third Circuit LAR 34.1(a)
Monday, October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES, *Circuit Judge*,
and COWEN, *Circuit Judge*

(Opinion Filed:  November 10, 2011)

OPINION

McKEE, *Chief Judge*.

Andre Ware appeals his conviction arguing that the district court erred in denying

his suppression motion and that the evidence admitted at trial was insufficient to sustain

his conviction. For the reasons set forth below, we will affirm.

**I.**

On April 18, 2006, Philadelphia Police Department Narcotics Strike Force officers set up surveillance in the 1200 block of South 17th Street, within 1,000 feet of the Barratt Middle School at 1599 Wharton Street. Officer Charles Myers monitored the block from the roof of a one-story bar. He observed Ware and co-defendant Jerry Stevens speak with an unknown male, who then handed Stevens money. Ware then retrieved what appeared to be a clear baggie from a compartment on the driver's side door of a silver Monte Carlo parked nearby. Ware removed a small object from the baggie and handed it to the unknown male who left. Ware then returned the baggie to the Monte Carlo.

A short time later, a marked patrol car conducted a traffic stop near the area where Ware and Stevens were standing. While the traffic stop was being conducted, Officer Myers observed Ware remove a large object from the back of his pants and place it in the driver's seat area of the Monte Carlo.

Shortly thereafter, another unknown male approached Stevens, spoke with Stevens and handed him some money. Stevens then shouted something to Ware who retrieved the clear baggie from the driver's side door compartment of the Monte Carlo. Ware removed a small object from the baggie and handed it to the unknown male who left the area. Ware then placed the baggie in his pocket.

A few minutes later, a white Ford Explorer pulled up, and Stevens spoke with the driver. Thereafter, Stevens yelled at Ware: "It's hot. They're round the corner." Ware and Stevens then walked away, but they were stopped by officers backing up Myers. As those uniformed officers approached Stevens and Ware, Ware removed a baggie from his pocket and dropped it on the sidewalk.

2

Police recovered $10 and keys to the Monte Carlo from Ware and $42 from Stevens. After Ware was placed in custody, Officer Myers directed another officer to the location where Ware had discarded the baggie. There, the officer found a clear baggie containing eight red-tinted packets of crack cocaine. The two unknown males who had engaged in transactions with Ware and Stevens were never apprehended.

Police obtained a search warrant for the Monte Carlo. During the ensuing search, police found a vehicle registration in Ware's name in the glove compartment and a loaded .45 caliber Smith & Wesson underneath the driver's seat. No additional drugs were found.

Ware subsequently filed an amended motion to suppress the gun. He argued that the police improperly searched his car before obtaining a warrant and that police lacked probable cause to search the car because Officer Myers had observed Ware remove the baggie from the car and discard it on the sidewalk. The district court denied Ware's motion, concluding that police had probable cause to search the car without a warrant.

Ware was subsequently convicted of numerous charges arising from the drug sales. This appeal followed.[1] Ware argues that the district court erred in denying his motion to suppress and that the evidence was insufficient to support his conviction.

## II. Suppression of Evidence

On appeal, Ware advances a different theory of suppression than he presented to the district court. He now argues that the drugs should have been excluded because they

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

were only abandoned after an illegal arrest. In the district court he argued that the gun found in his car was the fruit of an illegal search.

A suppression issue "raised for the first time on appeal [is] waived absent good cause under Rule of Criminal Procedure 12."[2] *United States v. Rose*, 538 F.3d 175, 177 (3d Cir. 2008). "Where a defendant argues 'cause' for the first time on appeal, and the proper disposition is not clear to [the appellate court, the court] could remand the case for an evidentiary hearing." *Id.* at 184. However, there is no need for remand where the defendant presents no "colorable explanation why he failed to raise" his suppression theories before the district court. *Id.* at 184-85.

Ware does not bother to explain his failure to raise his abandonment theory before the district court, and no explanation is apparent to us. Thus, Ware has failed to show good cause for advancing a new suppression argument on appeal, and we will consider any suppression issue waived.

### III. Sufficiency of the Evidence

Where a defendant fails to preserve a challenge to the sufficiency of the evidence by filing a timely motion for judgment of acquittal, we review the sufficiency of the evidence for plain error. *United States v. Wolfe*, 245 F.3d 257, 260-61 (3d Cir. 2001). "A conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental miscarriage of justice." *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir.

---

[2] In general, a motion to suppress must be raised before trial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12(e) provides that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver."

1999) (internal quotation marks omitted) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)). The Government's failure to prove each essential element of a crime beyond a reasonable doubt constitutes plain error. *Wolfe*, 245 F.3d at 261. We view the evidence in the light most favorable to the prosecution as verdict winner and affirm the conviction if any rational trier of fact could have found proof of every essential element of the offense beyond a reasonable doubt. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In applying this deferential standard, we do not determine the credibility of the witnesses or weigh the evidence. *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010) (quoting *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010)).

Ware argues that, because police failed to apprehend the two buyers, the Government failed to prove they existed and there was therefore no proof that he passed any drugs to them. Ware further argues that the eight packets of cocaine and the $52 found on him and Stevens were insufficient to establish possession with intent to distribute since the relatively small quantity of drugs could conceivably have been for personal use.[3]

It is well settled that the "prosecution may satisfy its burden entirely through circumstantial evidence." *Id.* Here, the jury clearly accepted Officer Myers's testimony about the observations we have summarized above. That evidence was sufficient to establish Ware's guilt beyond a reasonable doubt.

---

[3] Ware also challenges the sufficiency of the evidence supporting his conviction on the charge of conspiracy. However, he has not advanced an independent argument to support that challenge. Instead, all of his arguments are directed at challenging the sufficiency of the evidence to prove the underlying offense of possession with intent to distribute crack cocaine.

## IV. Conclusion

For the reasons stated above, we will affirm Ware's conviction and the district court's denial of Ware's motion to suppress.