ALD-102                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3635
_____

UNITED STATES OF AMERICA

v.

ANDRE WARE,
                                Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00625-001)
District Judge:  Honorable Jan E. DuBois
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 5, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Ware, a federal prisoner proceeding pro se, appeals the District Court's order denying his request under 18 U.S.C. § 3582(c)(2) for a reduction in sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's interpretation of § 3582(c)(2) and the United States Sentencing Guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Because Ware's appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In August 2009, Ware was convicted of several drug offenses involving crack cocaine, and the District Court, after granting Ware a downward variance, sentenced him to 128 months' imprisonment. United States v. Ware, 694 F.3d 527, 529 (3d Cir. 2012). Ware appealed, and we affirmed. United States v. Ware, 450 F. App'x 94 (3d Cir. 2011).

Subsequently, the United States Sentencing Commission promulgated Amendment 750 to the Sentencing Guidelines, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). Ware filed a motion in the District Court under § 3582(c) seeking to reduce his sentence on the basis of Amendment 750. The District Court granted relief, and reduced Ware's sentence to 84 months' imprisonment. The Government appealed, and we reversed. We explained that a prisoner may obtain relief under § 3582(c) only when an amendment "lowers the applicable guideline range." Ware, 694 F.3d at 531. Because Ware's Guidelines range was based on his career-offender status rather than the quantity

2

of crack that he possessed, we continued, Amendment 750 did not lower Ware's applicable Guidelines range. See id. at 531-32. We further ruled that the analysis was not changed by the fact that the District Court granted a downward variance. See id. at 531, 534. We thus concluded that Ware was not entitled to a sentence reduction. See id. at 534-35.

Ware then again asked the District Court to reduce his sentence pursuant to § 3582(c), relying once more on Amendment 750. He acknowledged that we had squarely rejected his claim, but argued that his request was supported by a newly issued opinion from the Southern District of New York, United States v. Walters, Cr. A. No. 07-cr-887 LAP, 2014 WL 1917082 (S.D.N.Y. Apr. 16, 2014). The District Court denied Ware's motion, explaining that it was bound by this Court's decision. Ware then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. Although there is some ambiguity as to whether Ware's motion should be treated as a motion for reconsideration of the denial of his first § 3582(c) motion, see United States v. Edwards, 309 F.3d 110, 112 (3d Cir. 2002), or a second § 3582(c) motion, see United States v. Weatherspoon, 696 F.3d 416, 421-22 (3d Cir. 2012), the motion lacks merit under either interpretation. To the extent Ware sought to challenge this Court's mandate via a motion for reconsideration, the District Court correctly recognized that it lacked the authority to grant him relief. See United States v. Kennedy, 682 F.3d 244, 252-53 (3d Cir. 2012).

3

Moreover, while we have held that there are no jurisdictional limitations preventing a prisoner from filing a successive § 3582(c) motion, see Weatherspoon, 696 F.3d at 421-22, Ware has failed to provide a sufficient basis for us to revisit our precedential opinion denying him relief. See generally United States v. Anderson, 772 F.3d 662, 670 (11th Cir. 2014) (denying second § 3582(c) motion on law-of-the-case grounds); cf. Weatherspoon, 696 F.3d at 422-25 (considering second § 3582(c) motion based on an intervening Supreme Court decision). Ware's new motion relies entirely on Walters, a case in which the Southern District of New York granted resentencing to a prisoner who raised a claim similar to Ware's. However, "we surely are not bound by unpublished district court opinions from courts in other circuits." United States v. Kluger, 722 F.3d 549, 560 n.15 (3d Cir. 2013). We also note that the Government in Walters "concede[d]" that Walters was eligible for a sentence reduction, Walters, 2014 WL 1917082, at *2, which is not the case here. Thus, the District Court did not err in denying Ware's motion.

Accordingly, we will summarily affirm the District Court's judgment. Ware's motion for expedited consideration is denied as moot.

4