BLD-132                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3015
_____

UNITED STATES OF AMERICA

v.

ANDRE WARE,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00625-001)
District Judge:  Honorable Jan E. DuBois

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2016
Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: February 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In August 2009, Andre Ware was convicted of several drug offenses involving crack cocaine, and the District Court, after granting Ware a downward variance, sentenced him to 128 months' imprisonment. United States v. Ware, 694 F.3d 527, 529 (3d Cir. 2012). Ware appealed, and we affirmed. United States v. Ware, 450 F. App'x 94 (3d Cir. 2011). Ware's subsequent attempts to win a reduction of his sentence based on Amendment 750 to the Sentencing Guidelines, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines," United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012), were ultimately unsuccessful. See Ware, 694 F.3d at 531-35 (explaining, inter alia, that because Ware's Guidelines range was based on his career-offender status rather than the quantity of crack that he possessed, Amendment 750 did not lower his applicable Guidelines range); United States v. Ware, 598 F. App'x 820, 821-22 (3d Cir. 2015).

Ware then sought a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014). He further asserted that the reduction was available to him, as a defendant who had received a variance, because of the "Commission's omission of [A]mendment 759[] from [A]mendment 782."[1] The District

---

[1] When the Sentencing Commission promulgated Amendment 750, it also promulgated Amendment 759, which added the relevant portions of Amendment 750 to the list of amendments that may trigger a retroactive sentence reduction. See Ware, 694 F.3d at 531. As we have explained before, in making those amendments in 2011, the

Court denied the motion, explaining that Ware's Guidelines range was based on the career-offender guidelines, not the drug quantity table, and the career-offender guidelines were unaffected by Amendment 782.

Ware filed a timely motion for reconsideration. He asserted that the District Court erred, either by overlooking the inapplicability of Amendment 759 to Amendment 782 or by misapprehending the import of Amendment 759. He explained that the Sentencing Commission listed the "Covered Amendments" applicable to Amendment 782 and did not include Amendment 759. He claimed that the omission was intentional in order to ensure that there would be no restrictions on the application of Amendment 782.

The District Court denied Ware's motion. The District Court noted that the current version of § 1B1.10, which became effective on November 1, 2014, is applicable to sentence reductions under Amendment 782. The District Court cited Application Note 1 of the 2014 version of § 1B1.10,[2] and again explained that the "applicable guideline

---

Commission modified the Commentary to explain that a sentence reduction under § 3582(c)(2) is only possible if an amendment lowers the applicable guideline range, defined as the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance. Id. (citing U.S.S.G. §1B1.10 cmt. 1(A)).

[2] Like the 2011 version, the 2014 Commentary explained that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

3

range" in Ware's case is the range set by the career-offender guidelines, not the range provided by the drug quantity table. For these reasons, the District Court concluded that it had made no legal error.

Ware appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] In considering the denial of Ware's § 3582(c)(2) motion, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and otherwise review the denial of relief for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We may summarily affirm the District Court's rulings if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Upon review, we will affirm because we agree with the District Court's decisions to deny Ware's motions. A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). Section 3582(c)(2) allows for a reduction if (1) the

---

[3] Our jurisdiction extends to a review of the order denying Ware's motion for reduction of sentence (which he challenges in a document in support of his appeal) because a timely appeal from the denial of a timely motion for reconsideration "brings up the underlying judgment for review." McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007).

sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

As the District Court explained, a reduction in Ware's sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." A reduction in a sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In the relevant policy statement (the 2014 version that the District Court cited),[4] the Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); see also U.S.S.G. § 1B1.10 cmt. n.6. As the District Court explained, this means that Ware's applicable guideline range is the "range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." Flemming, 723 F.3d at 412.[5] Accordingly, Amendment 782 —

_____

[4] Regardless of Ware's argument about the role of Amendment 759 in this matter, it is clear that Amendment 782 is covered by this policy statement. See U.S.SG. § 1B1.10(d).

[5] Despite Ware's arguments to the contrary, the same rule that applied in Flemming applies in his case. Also, the rule does not, as Ware maintains on appeal, create an Ex

5

which alters the offense levels for drug crimes but does not affect the offense levels for career offenders — would not lower Ware's applicable guidelines range, and it would thus be contrary to the applicable policy statement to reduce Ware's sentence.

In conclusion, the District Court did not err in denying Ware's motion pursuant to § 3582(c)(2), and having committed no error, did not abuse its discretion in declining to reconsider the denial. For these reasons, we will affirm the District Court's rulings.

Post Facto or Equal Protection violation as to him.