CLD-209                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4029
_____

UNITED STATES OF AMERICA

v.

ANDRE WARE,
                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:08-cr-00625-001)
District Judge:  Honorable Jan E. DuBois

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 or a Decision on the Issuance of a Certificate of Appealability
April 7, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Andre Ware, a pro se inmate, appeals the District Court's order dismissing his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

document titled "judicial notice of adjudicative facts" and denying his motion for an evidentiary hearing. Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In August 2009, Ware was convicted of several drug offenses involving crack cocaine, and the District Court, after granting Ware a downward variance, sentenced him to 128 months' imprisonment. Ware's conviction and sentence were affirmed on appeal. United States v. Ware, 450 F. App'x 94 (3d Cir. 2011). Ware has since engaged in various efforts to again challenge his conviction and to have his sentence reduced—including multiple unsuccessful motions to vacate, set aside, or reduce his sentence filed pursuant to 28 U.S.C. § 2255.

In August 2015, Ware filed two documents in the District Court: a "Judicial Notice of Adjudicative Facts" and a "Motion for Evidentiary Hearing." The factual basis for these motions was Ware's statement that he had learned one of the officers that testified at his trial had been charged with perjury and other offenses arising out of misconduct in an unrelated drug case. The government responded, noting that Ware's motions were effectively a challenge to his conviction and sentence, and that the evidentiary rules concerning "judicial notice" in litigation were not the correct legal means to bring the type of challenge at issue. Rather, the government explained, Ware's request for relief could be construed either as a second or successive § 2255 motion or as a motion for new trial under Rule 33(b)(1) of the Federal Rules of Criminal Procedure.

---

constitute binding precedent.

2

The District Court agreed with that latter characterization of the relief that Ware sought, dismissed the judicial notice of adjudicative facts with prejudice, and denied the motion for an evidentiary hearing. Ware moved for reconsideration, and the District Court denied that motion. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. When an appeal requires a certificate of appealability, we must deny the request for a certificate of appealability if reasonable jurists would not debate whether the petition or motion at issue states a valid claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). We review the denial of a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1) for an abuse of discretion. United States v. Schneider, 801 F.3d 186, 201 (3d Cir. 2015). Generally, our review of an order denying a motion for reconsideration is for an abuse of discretion, but to the extent the denial is based on the interpretation or application of law, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We may summarily affirm the District Court's rulings if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As an initial matter, we agree with the District Court's decision not to construe Ware's motions as a § 2255 motion, so no certificate of appealability is required here. We observe, however, that the District Court was correct to conclude that if Ware had brought a § 2255 motion, it would have been a second or successive motion that required this Court's prior authorization to file. See 28 U.S.C. § 2255(h).

3

Construing Ware's filings as a motion for a new trial, we agree with the District Court's determination that they set out no valid basis for relief. First, Ware brought his motion too late. Ware was convicted on August 5, 2009, and therefore missed the three-year deadline to file his motion. See Fed. R. Crim. P. 33(b)(i). Moreover, we agree that the evidence was merely impeaching, which precludes granting Ware a new trial. See Schneider, 801 F.3d at 201-02. The District Court thus did not abuse its discretion in denying Ware any relief.

Moreover, as Ware's motion for reconsideration essentially restated his arguments concerning "judicial notice" under the Rules of Evidence, the District Court did not abuse its discretion in declining to reconsider its order. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

Because the appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

4