**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3622
_____

UNITED STATES OF AMERICA

v.

KENNY MARTINEZ,
                            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00143-001)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Kenny Martinez appeals the District Court's orders denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and his motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons detailed below, we will affirm.

In 2013, Martinez pleaded guilty to conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). At the sentencing hearing, the District Court adopted a Presentence Investigation Report (PSR), including the PSR's determination that Martinez qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Based on that designation, Martinez's Guidelines range was 188 to 235 months' imprisonment. However, the District Court concluded that Martinez's career-offender status significantly over-represented his criminal history. See U.S.S.G. § 4A1.3(b)(1). The Court therefore departed downward, and sentenced Martinez to a term of 110 months' imprisonment. This sentence is within the Guidelines range that would have applied if Martinez were not a career offender.

In March 2015, Martinez filed a motion under § 3582(c)(2) based on Amendment 782 to the Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. The District Court denied Martinez's motion. Martinez then filed a motion under Rule 59(e), which the District Court also denied. He then filed a timely notice of appeal.[1]

---

[1] The District Court permissibly granted Martinez's motion for an extension of time to

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's denial of the § 3582(c) motion, <u>United States v. Savani</u>, 733 F.3d 56, 60 (3d Cir. 2013), and review its denial of the Rule 59(e) motion for abuse of discretion, <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court's disposition of Martinez's motions. A district court typically cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction pursuant to § 3582(c). <u>Dillon v. United States</u>, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). Section 3582(c)(2) allows for a reduction if (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); <u>United States v. Flemming</u>, 723 F.3d 407, 410 (3d Cir. 2013).

Here, as the Government argues, a reduction in Martinez's sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." A reduction in a sentence is not consistent with the relevant policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define "applicable guideline range"

file an appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure. Martinez filed a motion to proceed on appeal in forma pauperis — which we treat as a notice of appeal, <u>see</u> <u>Fitzsimmons v. Yeager</u>, 391 F.2d 849, 853 (3d Cir. 1968); 3d Cir. L.A.R. 3.4 — within the time prescribed by the District Court.

as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined <u>before</u> consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); <u>see also</u> U.S.S.G. § 1B1.10 cmt. n.8. Thus, as we have ruled in similar cases, Martinez's "applicable guideline range" is the "range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." <u>Flemming</u>, 723 F.3d at 412; <u>see also</u> <u>United States v. Ware</u>, 694 F.3d 527, 534 (3d Cir. 2012).[2] As a result, Amendment 782 — which alters the offense levels for drug crimes but does not affect the offense levels for career offenders — would not lower Martinez's applicable guideline range, and it would hence be contrary to the applicable policy statement to reduce Martinez's sentence.

In his Rule 59(e) motion, Martinez essentially reiterated arguments that the District Court had rejected in denying his § 3582(c)(2) motion. The District Court consequently did not err in denying the Rule 59(e) motion. <u>See</u> <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

---

[2] Martinez argues that the commentary's definition of "applicable guideline range," <u>see</u> U.S.S.G. § 1B1.10 cmt. n.1(A), "is not binding" because it conflicts with U.S.S.G. § 1B1.10(b)(1). We are not persuaded. Section 1B1.10(b)(1) provides instructions for calculating an amended guideline range, but neither addresses when a reduction in sentence would be consistent with the applicable policy statement nor purports to define "applicable guideline range." Thus, we can discern no inconsistency between the commentary and § 1B1.10(b)(1). <u>See generally</u> <u>Ware</u>, 694 F.3d at 534 (concluding that commentary at issue is "not in conflict with the plain language of § 3582(c)(2) and is therefore binding on the District Courts").

We will therefore affirm the District Court's judgment.